CLARENCE L. SHIELDS ET AL., APPELLANTS, v. CITY OF KEARNEY, NEBRASKA, APPELLEE.

136 N. W. 2d 174

Filed July 9, 1965. No. 35932.

Mitchell, Taylor & Beatty, Nye & Wolf, and Tye, Worlock, Knapp & Tye, for appellants.

Ward W. Minor and Stewart, Calkins & Duxbury, for appellee.

Ralph D. Nelson, Henry L. Holst, Vincent D. Brown, Arlyss W. Spence, Everson, Wullschleger & Sutter, Herbert M. Fitle, Frederick A. Brown, Edward M. Stein, Sebastian J. Todero, Walter J. Matejka, James E. Fellows, and P. D. Spenceri, for amici curiae.

Heard before WHITE, C. J., CARTER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and WESTERMARK, District Judge.

BOSLAUGH, J.

The plaintiffs, Clarence L. Shields, Elizabeth S. Shields, Raymond C. Pierson, Helen I. Pierson, Bede F. Williams, E. Marie Williams, and Alan Oldfather, are the several owners of a tract of land lying north of and adjacent to the city limits of Kearney, Nebraska, On May 14, 1963, the defendant, City of Kearney, Nebraska, by ordinance No. 1711, annexed this land to the city.

This action is an appeal under section 16-110, R. S. Supp., 1963, "from the enactment of the ordinance" by the plaintiff landowners, the township of Collins, and three taxpayers who own property within the township. The land in question was a part of Collins township be-

fore its annexation to the city of Kearney, Nebraska, and a township road is located across a part of the annexed property.

· The trial court found generally for the defendant and against the plaintiffs and held that the property described in ordinance No. 1711 should be annexed to the· city of Kearney, Nebraska. The plaintiffs' motion for new trial was overruled and they have appealed.

In 1963, the Legislature amended the statute relating to the annexation of property by cities of the first class. Laws. 1963, c. 59, p. 249. Ordinance No. 1711 was adopted after the effective date of the 1963 act, L.B. 338. By their assignment of errors the plaintiffs challenge the validity of both L.B. 338 and ordinance No. 1711.

Section 16-106, R. S. Supp., 1963, provides that the city may annex any contiguous or adjacent lands, lots, tracts, streets, or highways that are urban or suburban in character but not agricultural lands which are rural in character. Section 16-110, R. S. Supp., 1963, provides that the owner of any territory annexed may appeal from the annexation ordinance to the district court by giving notice of appeal within 30 days from the effective date of the annexation ordinance. The plaintiffs in this action proceeded under the statute as amended by perfecting an appeal to the district court and asking that court to determine that the city was not entitled to annex the lands in question under the provisions of the statute as amended.

A litigant who invokes the provisions of a statute may not challenge its validity. He may not seek the benefit of it and at the same time question its constitutionality. Peterson v. Vasak, 162 Neb. 498, 76 N. W. 2d 420.

The plaintiffs in this action have availed themselves of the remedy provided by the statute. They seek the benefit of the statute to obtain a determination that the action of the city was not authorized under the statute. They are, therefore, prevented in this action from questioning the constitutionality of the statute under which

they have proceeded. We make no determination of the question concerning the constitutionality of the statute as amended.

The plaintiffs contend that the lands annexed by the city of Kearney, Nebraska, under ordinance No. 1711 are agricultural lands which are rural in character and not subject to annexation by the city under section 16-106, R. S. Supp., 1963. "Rural" means of or pertaining to the country as distinguished from a city or town, whereas "urban" means of or belonging to a city or town. Wagner v. City of Omaha, 156 Neb. 163, 55 N. W. 2d 490.

The record shows that the lands annexed to the city of Kearney, Nebraska, by ordinance No. 1711 are contiguous or adjacent to the city and lie north of Thirty-ninth Street and either side of Second Avenue which is also State Highway No. 10 and the main north-south thoroughfare of the city.

The part of the tract lying west of Second Avenue and north of Thirty-ninth Street is owned by Alan Oldfather except for a small rectangular lot in the southwest corner that is owned by Bede F. Williams and E. Marie Williams. The Oldfather land has an area of approximately 12 acres and is leased to Williams Unimart, Inc., for a term of 20 years. The south one-third of this property is occupied by a retail market and parking lot. The balance of the property is rough farm ground and no use is being made of it at the present time.

The rectangular lot owned by Mr. and Mrs. Williams is occupied by their residence. Williams is the president of Williams Unimart, Inc.

The part of the tract lying east of Second Avenue and north of Thirty-ninth Street is divided into two parts. Raymond C. Pierson and Helen I. Pierson own the part lying immediately north of Thirty-ninth Street. A residence, garage and service station, and a motel are located on this property which has an area of approximately 2 acres.

The part lying north of the Pierson property is owned

by Clarence L. Shields and Elizabeth S. Shields. A discount store, drive-in cafe, and residence are located on the Shields property which has an area of approximately 6½ acres.

The Pierson property and the Shields property receive water service from the city of Kearney, Nebraska.

The land north of Thirty-ninth Street and east, north, and west of the annexed area is agricultural land that is rural in character except for a residential area known as Bethany Manor Subdivision. This subdivision, which was annexed to the city in 1959 and is now being developed, is approximately ½ mile east of the area involved in this action.

The area south of Thirty-ninth Street within the city limits is highly developed. Most of the residential construction in the last few years has been north of Thirty-first Street. Water service and street lighting extend north as far as Thirty-ninth Street on Second Avenue, and sewer service is available on Thirty-eighth Street. The new high school is located approximately 4 blocks west of the intersection of Thirty-ninth Street and Second Avenue.

The evidence sustains a finding that the area annexed by ordinance No. 1711 is contiguous or adjacent to the city and is urban or suburban in character and not agricultural lands which are rural in character. Bierschenk v. City of Omaha, 178 Neb. 715, 135 N. W. 2d 12. The annexation was proper under section 16-106, R. S. Supp., 1963.

The judgment of the district court is affirmed.

AFFIRMED.