HERBERT W. READ ET AL., TRUSTEES OF THE ESTATE OF A. H. READ, DECEASED, APPELLANTS, v. CITY OF SCOTTSBLUFF, A MUNICIPAL CORPORATION, APPELLEE.

138 N. W. 2d 471

Filed December 3, 1965. No. 35989.

Van Steenberg, Winner & Wood, for appellants.

Loren G. Olsson and Marvin L. Holscher, for appellee.

Ralph D. Nelson, Henry L. Holst, Vincent D. Brown, and Arlyss W. Spence, for amicus curiae.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

McCOWN, J.

On August 26, 1963, the City of Scottsbluff passed an ordinance annexing certain property, including that of the plaintiffs, to the City of Scottsbluff. The ordinance was enacted under the provisions of L.B. 338, 1963 Legislative Session, and the plaintiffs perfected their appeal to the district court pursuant to section 4 of that act (§ 16-110, R. S. Supp., 1963). The district court found generally for the city and dismissed the plaintiffs' appeal.

The first two assignments of error rest on the contention that L.B. 338 is unconstitutional because it violates due process of law with respect to notice and hearing, and the subject of the bill is not clearly expressed in

the title.  The case of Shields v. City of Kearney, *ante* p. 49, 136 N. W. 2d 174, is determinative on these issues. As we stated in that case:  "The plaintiffs in this action have availed themselves of the remedy provided by the statute.  They seek the benefit of the statute to obtain a determination that the action of the city was not authorized under the statute.  They are, therefore, prevented in this action from questioning the constitutionality of the statute under which they have proceeded." A litigant who invokes the provisions of a statute may not challenge its validity.  He may not seek the benefit of it and at the same time and in the same action question its constitutionality.  Alumni Control Board v. City of Lincoln, *ante* p. 194, 137 N. W. 2d 800.

The only remaining issue is whether or not L.B. 338, 1963 Legislative Session, containing an emergency clause, became effective on the date of its passage and approval, rather than 3 calendar months after the adjournment of the legislative session.

Article III, section 27, Constitution of Nebraska, provides:  "No act shall take effect until three calendar months after the adjournment of the session at which it passed, unless in case of emergency, to be expressed in the preamble or body of the act, the Legislature shall, by a vote of two thirds of all the members elected to each House otherwise direct."  The plaintiffs contend that this language of the Constitution requires a statement in the act of the facts or grounds constituting the emergency, and the mere declaration that an emergency exists is not enough.  They also contend that, in any event, the legislative declaration of emergency is not conclusive; that no emergency, in fact, existed; and that the legislative recital as to emergency is subject to judicial review.  Both issues are of first impression in this court.

It is quite apparent from an examination of the decisions of other states, that the courts have followed divergent points of view, influenced by the varying language

of the particular constitutional provisions involved. Among states whose constitutional language is almost identical to ours, it has been held that the statement of the fact of emergency is sufficient, and that the ground of the emergency need not be stated. See, Breckenridge v. County School Board, 146 Va. 1, 135 S. E. 693; and the discussion in City of Roanoke v. Elliott, 123 Va. 393, 96 S. E. 819.

In some cases weight has been given to the long-continued use of certain forms of emergency clauses by the Legislature, but there is no evidence before us as to Nebraska legislative practice. Many states have constitutional provisions requiring "setting forth the facts constituting the emergency," or "reasons for the emergency," or similar words or terminology. The words used in our own Constitution read in their ordinary meaning indicate that only the fact of "emergency" need be expressed. The framers of the Constitution, had they intended that an act must express the grounds or nature of the emergency, could have said so.

We, therefore, hold that an act of the Legislature stating the fact of emergency, without stating the nature of, or the grounds constituting the emergency, is sufficient under the provisions of Article III, section 27, of the Constitution of Nebraska.

The second issue here involves the broad question as to whether a legislative determination of emergency is reviewable by the courts. This question has also had divergent judicial consideration. The usual reason advanced for justifying judicial review of emergency acts in the few states which have done so, is that under the constitutional provisions of those states, the Legislature, by merely declaring an act to be an emergency act, destroys the right of referendum. In this state, the right of referendum, under Article III, section 3, of the Constitution of Nebraska, is applicable to "* * * any act or part of an act of the Legislature, except those making appropriations for the expenses of state government or

a state institution existing at the time of the passage of such act." As to "* * * emergency acts or those for the immediate preservation of the public peace, health or safety * * *," the taking effect of the act may not be suspended until the act has been voted on by the electors. An interference with a constitutional delegation of power can hardly be justified on the ground that the right of referendum is materially impaired in Nebraska.

Here the only two plain consequences of enacting a so-called "emergency act" are to make the measure effective upon its passage rather than 3 calendar months after the adjournment of the legislative session at which it was passed, and to prevent the operation of the act from being suspended until after the next general election.

A determination that a statute should take effect immediately rather than 3 months after adjournment of the session is so obviously a matter of legislative policy, that no court should disregard or question the determination unless, in the manner of its adoption, or in substance, there has been plain violation of some constitutional mandate. A court is not at liberty to ignore an erroneous legislative declaration of emergency when the validity of the law depends upon the actual existence of an emergency of a kind which will justify the action taken; but whether an emergency exists which makes it necessary that an act go into immediate effect is a question for the Legislature.

We hold that the determination of whether or not an emergency exists which makes it necessary that an act should go into effect immediately is a question for the Legislature, to be conclusively evidenced by a declaration of emergency.

For the reasons stated, the judgment of the district court was correct and is affirmed.

AFFIRMED.