Mary Ulbrick et al., Appellants, v. City of Nebraska City, Otoe County, Nebraska, Appellee.

141 N. W. 2d 849

Filed April 22, 1966. No. 36211.

Spencer & Hoch, for appellants.

Moran & James and William F. Davis, for appellee.

Heard before Carter, Spencer, Boslaugh, Brower, Smith, and McCown, JJ., and Burke, District Judge.

Carter, J.

This is an appeal from an order of the district court for Otoe County sustaining a motion to dismiss for failure to comply with section 16-110, R. S. Supp., 1963.

On March 27, 1965, the city council of the city of Nebraska City enacted city ordinance No. 1183 annexing certain described lands, including lands of plaintiffs, to that city. The effective date of the ordinance was March 28, 1965. On April 22, 1965, a petition on appeal was filed in the district court for Otoe County. Notice of appeal was served on April 23, 1965. A summons and copy of the petition were served on the mayor of the city on April 22, 1965. On May 21, 1965, a motion to dis-

miss the appeal was filed. The appeal was dismissed on September 13, 1965, and an appeal thereafter perfected to this court.

The appeal from the enactment of ordinance No. 1183 annexing lands of plaintiffs was taken pursuant to section 16-110, R. S. Supp., 1963, which provides in part: "Any legal owner of any territory annexed may appeal from the annexation ordinance to the district court of the county in which such city is situated. Such appeal may be taken from the enactment of the ordinance as in other civil actions, but notice of appeal must be given within thirty days from the effective date of such annexation ordinances by filing written notice with the city clerk and by causing a copy of the petition on appeal to be served upon the city in the manner provided by law for service of a summons in a civil action."

The plaintiffs contend the words "such appeal may be taken from the enactment of the ordinance as in other civil actions" is a reaffirmation of the right to appeal contained in the first sentence of the quoted portion of the statute, and that the balance of the sentence provides the exclusive manner and method of appeal. The defendant, on the other hand, contends that the first sentence of the quoted portion of the statute grants the right to appeal and that the second sentence provides the method and manner of appeal, to wit, that the appeal may be taken as in other civil actions, and in addition thereto, notice of appeal must be given within 30 days from the effective date of the annexation ordinance and a copy of the petition on appeal served on the city.

It is fundamental that in the construction of a statute meaning must be given, if possible, to every word, clause, and sentence. In State ex rel. First Nat. Bank v. Bartley, 39 Neb. 353, 58 N. W. 172, 23 L. R. A. 67, this court said: "It is an elementary rule of construction that effect must be given, if possible, to every word, clause, and sentence of a statute. In other words, a statute must receive such construction as will make all its parts har-

monize with each other and render them consistent with its general scope and object." In State ex rel. Marrow v. City of Lincoln, 101 Neb. 57, 162 N. W. 138, this court said: " 'In the construction of a statute * * * no sentence, clause or word should be rejected as meaningless or superfluous, if it can be avoided; but the subject of the enactment and the language employed, in its plain, ordinary and popular sense, should be taken into account, in order to determine the legislative will.' " See, also, School Dist. No. 228 v. State Board of Education, 164 Neb. 148, 82 N. W. 2d 8; Belgum v. City of Kimball, 163 Neb. 774, 81 N. W. 2d 205, 62 A. L. R. 2d 1295.

Under the foregoing rule of statutory construction, we must give meaning to the words "as in other civil actions" rather than to assume that it was a mere reiteration of the grant of the right to appeal as plaintiffs contend. It can mean but one thing; the appeal was to be taken as in other civil actions; that is, as provided by sections 24-544, 27-1302, and 27-1303, R. R. S. 1943. In re Petition of School District of Omaha, 151 Neb. 304, 37 N. W. 2d 209. The foregoing sections require the filing of a bond and transcript which was not done in the instant case.

We conclude that an appeal under section 16-110, R. S. Supp., 1963, requires the filing of a bond as required by section 27-1302, R. R. S. 1943, a transcript as required by section 27-1303, R. R. S. 1943, and a notice of appeal within 30 days and the serving of a copy of the petition on appeal upon the city in addition thereto, as required by section 16-110, R. S. Supp., 1963. If this be not true, the words "as in other civil actions" are a meaningless and superfluous provision. To give it such a meaning is violative of a fundamental rule of statutory construction. It must be presumed that the Legislature intended that the clause has meaning if a meaning can be found that harmonizes with the general intent and object of the statute.

Previous appeals under this statute have been before

this court in two cases. Shields v. City of Kearney, 179 Neb. 49, 136 N. W. 2d 174; Read v. City of Scottsbluff, 179 Neb. 410, 138 N. W. 2d 471. In neither of these cases was the procedure on appeal questioned. The opinions in those cases are authority only for the holdings therein made. Since the district court had jurisdiction of the subject matter, any failure to comply with procedural rules is deemed to have been waived and do not in any way affect the validity of those decisions.

It is argued, however, that it is a rule of this court, many times applied, that the court may on its own motion raise questions of jurisdiction and, not having done so in the two previous cases before the court, the procedures followed in those cases constitute a conclusive construction of the statute. No authority has been cited, and we have found none, that sustains this contention. Jurisdiction of the subject matter cannot be waived, but procedural requirements may. This court may on its own motion take notice of them. The fact that this court did not take notice of procedural defects in the Shields and Read cases can give no aid to the plaintiffs in the instant case when procedural defects were timely raised.

The trial court came to this same conclusion and its order dismissing the appeal is therefore correct. The judgment of the district court is affirmed.

AFFIRMED.