LLOYD CHAPPELL, APPELLEE, v. JOHN D. CARR, COUNTY
SUPERINTENDENT OF SCHOOLS OF CHERRY COUNTY,
NEBRASKA, APPELLANT.

174 N. W. 2d 208

Filed February 6, 1970. No. 37372.

Michael V. Smith, for appellant.

Beatty, Morgan & Vyhnalek and John C. Coupland, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an appeal from the entry of a summary judgment setting aside an order of the county superintendent dissolving a Class I school district and attaching all its territory to a Class II school district.

On June 13, 1966, petitions signed by more than 60 percent of the legal voters of school district No. 34 and school district No. 55, both Class I districts in Cherry County, were filed with the Cherry County Committee for School District Reorganization. These petitions sought the dissolution of school district No. 34 and the attachment of its territory to school district No. 55. The

members of the county committee received notice of a meeting of the committee for 9 o'clock a.m. on July 16, 1966, at the office of Marie G. Perrett, county superintendent of Cherry County, to consider the petitions. Only one member of the reorganization committee appeared at the time and place stated. The hearing was then continued until August 23, 1966, at 2 p. m., for lack of a quorum. When the county committee failed to meet on that day, the county superintendent announced that she was dissolving school district No. 34 and attaching a part of the territory to school district No. 55, and other portions to school district No. 70. A written order was made to that effect. Appellee herein, a legal voter, taxpayer, and owner of property in school district No. 34, appealed that order to the district court. The county superintendent filed a demurrer to his petition. This was overruled February 20, 1967. The county superintendent elected to stand on her demurrer, and the district court entered judgment for the plaintiff, appellee herein, holding the order of the county superintendent dated September 10, 1966, null and void. No appeal was taken in that action.

No action of any nature other than recited above was ever taken on the petitions filed with the county reorganization committee. On May 30, 1968, the appellant, John D. Carr, who succeeded Marie G. Perrett as county superintendent of schools of Cherry County, caused a notice to be published in the Valentine Newspaper, a legal newspaper published weekly at Valentine, Nebraska, of a hearing on the dissolution of school district No. 34. On August 12, 1968, appellant determined that there had been no school in school district No. 34 for 6 years, and that the district for more than 155 days had not provided school for children by contract with other districts, and entered an order dissolving school district No. 34 and attaching all of the territory of said school district to school district No. 70, a Class II school district of Cherry County. Appellee then filed the pres-

ent action to set aside the order of the county superintendent. He alleged that the county superintendent was without power to dissolve the district because petitions were still pending before the county committee for school district reorganization, and for the further reason that the prior judgment was res judicata on the parties and the issues involved therein. After the filing of an answer and reply, appellee filed a motion for a summary judgment. The trial court sustained this motion and determined that the doctrine of res judicata applied.

Section 79-402, R. R. S. 1943, under which the petitions were filed in 1966, provides, so far as material herein, as follows: "Petitions proposing to create a new school district or to change the boundary lines of existing school districts shall, when signed by at least sixty per cent of the legal voters in each district affected, be submitted to the county committee for school district reorganization, established under sections 79-426.01 and 79-426.05. The county committee shall, within forty days, review and approve or disapprove such proposal and submit it to the state committee for school district reorganization. The state committee shall, within forty days, review and approve or disapprove the proposal and return said proposal, with any recommendations deemed advisable, to the county committee. The county committee shall, within fifteen days of receipt of the returned proposal, consider the action of the state committee, and determine whether to give final approval or disapproval to the proposal. The county committee shall also, within fifteen days of receipt of the returned proposal, advertise and hold a public hearing at which the recommendations and action of the state and county committees shall be presented to the legal voters in attendance. The county committee shall hold the petitions for ten days following the hearing, at the end of which time the committee shall file the petitions with the county superintendent. The county superintendent shall, within fifteen days, advertise and hold a hearing to de-

termine the validity and sufficiency of the petitions. Upon determination, as a result of the hearing, that valid signatures of at least sixty per cent of the qualified legal voters of each district are contained in the respective petitions, or at least sixty-five per cent if the proposal has been disapproved by both the state and county committees, the county superintendent shall proceed to effect the changes in district boundary lines as set forth in the petitions; * * *."

The county superintendent proceeded herein under section 79-420, R. R. S. 1943, which, so far as material herein, is as follows: "When, for a period of one school term, a district (1) shall have less than three legal voters residing therein, or (2) shall either fail to maintain a public elementary school within the district, in which are enrolled and in regular attendance for at least one hundred fifty-five days one or more pupils of school age residing in the district or does not contract for the tuition and transportation of pupils of such district with another district or districts and have pupils attending school regularly for at least one hundred fifty-five days under such contract or contracts, it shall be the duty of the county superintendent of the county in which such district lies to dissolve such district and attach the territory of such district to one or more neighboring school districts; Provided, that before dissolving a district under the provisions of this section, the county superintendent shall fix a time for a hearing and shall notify each legal resident of the district at least fifteen days before such hearing; * * *."

At the time the appellant entered his order, no school had been maintained for more than 6 years in school district No. 34, nor had any contract for instruction been made with any other district for more than 2 years, so that both of the provisions of subsection (2) of section 79-420, R. R. S. 1943, were applicable. The statute provides for a waiver of requirements in certain instances by the State Board of Education. They are

not pertinent herein. The statute reads: "* * * it shall be the duty of the county superintendent of the county in which such district lies to dissolve such district and attach the territory of such district to one or more neighboring school districts; * * *." This court has interpreted this language to be mandatory unless a valid waiver has been given. See Bierman v. Campbell, 175 Neb. 877, 124 N. W. 2d 918. Appellee does not seriously dispute this point but argues that inasmuch as petitions were filed under section 79-402, R. R. S. 1943, the county superintendent is precluded from acting. There is no merit to this contention.

There is no conflict between the two statutes. Section 79-402, R. R. S. 1943, is a general statute providing a method by which new school districts may be created or the boundaries of all existing school districts may be changed. Section 79-420, R. R. S. 1943, is limited to depopulated or inactive districts. The former requires petitions signed by a certain percentage of the legal voters of the affected districts, whereas for the latter, there is a much more expeditious procedure. If the conditions precedent enumerated in the statute exist, it is the mandatory duty of the county superintendent to take action unless such action has been specifically waived by the State Board of Education.

In the instant case, petitions were filed with the Cherry County School District Reorganization Committee in 1966. Although the committee was required to act within 40 days, it failed to do so. While it would have been possible for any interested party to have forced action through legal proceedings, no one attempted to do so. The failure of the county committee to act cannot be attributed to any dereliction on the part of the county superintendent, and no such allegation has been made herein. The Cherry County School Reorganization Committee, for reasons not apparent in this record, chose to ignore its duty and no one saw fit to force the issue even after the judgment decreeing the nullity of the

1966 order of the county superintendent. It is readily understandable why property owners who did not have children of school age would not be interested in forcing the reorganization committee to act. So long as the situation remained as it was, no school taxes were being levied on property in school district No. 34. If dissolution of the district had been proceeding expeditiously under the petition procedure, there would have been no need for action by the county superintendent. However, that was not the situation, and it became the duty of the county suprintendent to take the action outlined in section 79-420, R. R. S. 1943, to provide regular school facilities for children of school age in school district No. 34. The conditions precedent existed, and the county superintendent had no alternative but to proceed with the action of dissolution and attachment.

Even if the county committee retained jurisdiction under the petitions beyond the time specified for its mandatory action, and it would in certain instances where it was attempting to follow the statute, its failure to act, as well as the failure of any interested person to force action for more than 2 years, certainly divested it of any such jurisdiction. Unless a county school district reorganization committee acts promptly on petitions presented to it under the provisions of section 79-402, R. R. S. 1943, or unless on its failure to act interested parties within a reasonable time institute proceedings to force action, the reorganization committee will lose jurisdiction to act on those petitions. Assuming, which we do not, that the judgment sustaining the demurrer in the first action was correct, it clearly cannot be res judicata under the facts in this case.

For the reasons given, the judgment herein is reversed and the cause remanded with directions to dismiss appellee's petition on appeal.

REVERSED AND REMANDED WITH DIRECTIONS.