WESLEY F. HANSEN, APPELLEE, v. COUNTY OF LINCOLN, NEBRASKA, ET AL., APPELLANTS.

197 N. W. 2d 655

Filed July 21, 1972. No. 38355.

*ante* p. 461, 197 N. W. 2d 651, for original opinion. See

W. R. Mullikin and Richard P. Myers, for appellants.

McGrath, North, Nelson, Shkolnick & Dwyer and August Ross, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

Motion for rehearing in this case cites Gamboni v. County of Otoe, 159 Neb. 417, 67 N. W. 2d 489, and suggests that while section 77-1736.04, R. R. S. 1943, provides the exclusive remedy to obtain a refund of taxes paid prior to a court decree enjoining collection or requiring segregation and accounting, yet as to taxes paid after the entry of decree the court may order refund as to the class of taxpayer who has paid after the entry of the decree. We have seriously examined this contention and find we cannot agree. Gamboni was decided December 10, 1954. Section 77-1736.04, R. R. S. 1943, Laws 1955, chapter 298, page 933, was enacted and

became effective June 15, 1955. It replaces and makes unnecessary that part of the relief afforded by Gamboni insofar as that case provides and approves a class action for refund of taxes. Under section 77-1736.04, R. R. S. 1943. where a court declares the invalidity of a tax, a taxpayer who has paid the tax is entitled to a refund automatically if the tax has not been distributed, and if it has, he is entitled to refund upon the filing and approval of a claim therefor. Insofar as Gamboni approves a class action for a refund of taxes it is disapproved. See State ex rel. Sampson v. Kenny, 185 Neb. 230, 175 N. W. 2d 5.

With this amendment we adhere to our previous opinion and the motion for rehearing is overruled.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.