SCHOOL DISTRICT NO. 39 OF SARPY COUNTY, NEBRASKA,
ET AL., APPELLANTS, V. RAYMOND FARBER,
SUPERINTENDENT, APPELLEE.

341 N.W.2d 320

Filed December 2, 1983. No. 82-611.

James T. Gleason of Swarr, May, Smith, Andersen & Jensen, for appellants.

Patrick Kelly, Sarpy County Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This action was commenced by Robert Bundy and School District No. 39 of Sarpy County, Nebraska, as a suit to enjoin the defendant superintendent of schools of Sarpy County, Nebraska, from dissolving school district No. 39 and attaching the territory in district No. 39 to the Gretna School District. Since no question was raised as to the standing of either plaintiff to bring the action, for the purpose of this opinion we assume standing.

In an order on August 24, 1982, the trial court stated that the plaintiffs' first amended petition would be considered "a petition in error." At the hearing on the merits on August 31, 1982, the trial court found generally for the defendant and dissolved the temporary restraining order that had been entered on August 19, 1982. The plaintiffs have appealed from that order.

The proceeding involved in this case was under Neb. Rev. Stat. § 79-420 (Reissue 1981). That section requires the county superintendent to dissolve a school district and attach its territory to one or more neighboring districts when, for one school term, the district fails to maintain a public elementary school within the district in which are enrolled and in regular attendance for at least 175 days one or more pupils of school age residing in the district, or it does not contract for the tuition and transportation of pupils of the district and have pupils attending school regularly under such a contract for at least 175 days.

In 1982 the defendant determined that district No. 39 had failed to meet the requirements of the statute and gave notice of a public hearing to be held on August 16, 1982, as required by the statute. The plaintiffs do not contend that the defendant's factual determination was incorrect. The petition alleged that from June of 1980 until sometime in April 1982 no pupils attended school in its schoolhouse.

At the conclusion of the public hearing held on August 16, 1982, the defendant announced that he would enter an order dissolving district No. 39 and attach it to the Gretna School District. Such an order was in fact made and signed by the defendant.

Although the trial court announced that the plaintiffs' petition would be considered as a petition in error, the transcript filed in this court shows that the plaintiffs failed to comply with the statutory jurisdictional requirements to commence a proceeding in error. See Neb. Rev. Stat. § 25-1905 (Reissue 1979).

The requirement that a transcript of the proceedings in the lower tribunal be filed with the petition is mandatory and jurisdictional. *Downer v. Ihms*, 192 Neb. 594, 223 N.W.2d 148 (1974). In a proceeding in error additional evidence may not be received, and the issues must be determined solely from the transcript filed with the petition. *Andrews v. City of Fremont*, 213 Neb. 148, 328 N.W.2d 194 (1982).

The petition filed in this case was a collateral attack upon the order of the superintendent in the form of a suit in equity to enjoin the defendant from dissolving district No. 39 and attaching its territory to the Gretna School District.

One of the grounds for relief alleged in the petition was that the dissolution was governed by Neb. Rev. Stat. §§ 79-601 et seq. (Reissue 1981). The sections referred to contain provisions regarding the dissolution of Class I districts under certain conditions, but they have no application here.

The petition further alleged the plaintiffs were denied due process in that the hearing was not before a fair and impartial hearing officer because the defendant announced at the hearing he had already concluded that district No. 39 should be dissolved.

Section 79-420, by its terms, necessarily contemplates that the county superintendent inform himself of the facts before fixing a time for the required public hearing. If the conditions set out in § 79-420 exist, it is the mandatory duty of the county superintendent to proceed. *Chappell v. Carr*, 185 Neb. 158, 174 N.W.2d 208 (1970). Unless the superintendent has reached at least a preliminary conclusion that he is required to dissolve the district, there would be no basis for proceeding further under the statute. The contention of the plaintiffs is without merit.

The judgment of the District Court is affirmed.

AFFIRMED.