IN RE DISSOLUTION OF SCHOOL DISTRICT NO. 22.
RANDALL D. ACKLIE, APPELLANT, V. DOUGLAS J.
JENSEN, COUNTY SUPERINTENDENT, APPELLEE.
341 N.W.2d 918

Filed December 30, 1983. No. 82-601.

George H. Moyer, Jr., of Moyer, Moyer, Egley & Fullner, for appellant.

Richard Krepela, Madison County Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

This is an appeal from a judgment of the district court for Madison County which affirmed the order of the Madison County superintendent of schools dissolving school district No. 22 of Madison County and merging it with school district No. 5 of Battle Creek.

School district No. 22 was a Class I district composed of certain sections of land within Township 23, and was located immediately adjacent to the south-

easternmost corner of district No. 5, a Class III district. Randall D. Acklie, the plaintiff-appellant, was, until June 20, 1981, a resident and registered voter of school district No. 22. Thereafter, and at the time of the appeal hearing in district court on June 28, 1982, he had paid some leasehold improvement taxes on a grain bin located within the boundaries of district No. 22, although he no longer resided within the district.

Neb. Rev. Stat. § 79-603 (Reissue 1981) provides in part that "the county superintendent shall dissolve and attach to a neighboring district or districts any school district which, for two consecutive years, contracts for the instruction of all of its pupils with a Class II, III, IV, or V district. The dissolution . . . shall be effected in the manner prescribed in section 79-420."

Neb. Rev. Stat. § 79-420 (Reissue 1981) provides that before dissolving a district, the county superintendent shall fix a time for hearing, and shall notify each legal resident of the district 15 days before the hearing by mail or publication in a newspaper of general circulation in the area. If the county superintendent finds that the district is to be dissolved, an order shall be entered dissolving the district and attaching *"the territory of such district to one or more neighboring school districts."* (Emphasis supplied.)

Section 79-420 also provides that appeals from orders of the county superintendent may be taken to the district court. These appeals are heard de novo in that court, and are reviewed in this court de novo on the record. Neb. Rev. Stat. § 25-1937 (Reissue 1979).

With exceptions not present here it is the mandatory duty of the county superintendent to dissolve the school district involved and attach its territory to another district or districts where such Class I district has contracted for the instruction of all of its pupils with a Class III district for 2 consecutive

years. *Chappell v. Carr*, 185 Neb. 158, 174 N.W.2d 208 (1970).

No question is presented by the record but that a proper hearing was held by the county superintendent on March 20, 1980, and that the conditions requiring dissolution and merger were present in this case. However, Acklie complains not of the dissolution of the district involved, but in the attachment of its territory to district No. 5 rather than to one of the other Class III districts within the county.

This contention was answered in *McDonald v. Rentfrow*, 171 Neb. 479, 106 N.W.2d 682 (1960), a case involving the identical issue. This court said: "What was done here was in the exercise of legislative power properly delegated by the Legislature to the county superintendent. . . . In pursuance of this delegated power the county superintendent could do what was done by the order in question without the consent and over the protests of residents or taxpayers in the district." *Id.* at 489, 106 N.W.2d at 689.

The appellant next contends that §§ 79-603 and 79-420 violate the provisions of article II, § 1, and article III, § 1, Constitution of Nebraska, in that no standards or limitations are prescribed for the direction and guidance of the county superintendent in deciding to what neighboring district or districts the territory of the dissolved district shall be attached. "This court has held many times that a litigant who invokes the provisions of a statute may not challenge its validity; nor seek the benefit and in the same action and at the same time question its constitutionality." *Alumni Control Board v. City of Lincoln*, 179 Neb. 194, 199, 137 N.W.2d 800, 804 (1965).

As stated in *Shields v. City of Kearney*, 179 Neb. 49, 51-52, 136 N.W.2d 174, 175 (1965): "The plaintiffs in this action have availed themselves of the remedy provided by the statute. They seek the benefit of the statute to obtain a determination that the action of the city was not authorized under the statute. They are, therefore, prevented in this action from ques-

tioning the constitutionality of the statute under which they have proceeded. We make no determination of the question concerning the constitutionality of the statute as amended."

From a de novo review we find that the action of the county superintendent was neither arbitrary, capricious, nor unreasonable, nor did his action violate any of the rights or privileges to which the appellant is entitled. The judgment of the district court is affirmed.

AFFIRMED.