IN RE 1983-84 COUNTY TAX LEVY BY BOX BUTTE COUNTY BOARD OF EQUALIZATION.
RAYMOND E. JESSE ET AL., APPELLEES AND CROSS-APPELLANTS, V. BOX BUTTE COUNTY BOARD OF EQUALIZATION ET AL., APPELLEES AND CROSS-APPELLEES, SCHOOL DISTRICT OF HEMINGFORD, BOX BUTTE COUNTY, NEBRASKA, ET AL., APPELLANTS AND CROSS-APPELLEES.
374 N.W.2d 235
Filed September 27, 1985. No. 84-641.

Thomas A. Danehey of Reddish, Curtiss, Moravek and

Danehey; Laurice M. Margheim; William L. Howland of Bump, Howland and Watson; and G. Randolph Reed, for appellant School Districts.

Walter R. Metz, Jr., of Metz and Metz, for appellees Jesse et al.

Kenneth W. Payne, Box Butte County Attorney, for appellees Board of Equalization et al.

Neal E. Stenberg, for amicus curiae Nebraska Association of School Boards.

David A. Domina of Domina & Gerrard, P.C., for amicus curiae Nebraska Council of School Administrators.

KRIVOSHA, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

BOSLAUGH, J.

This is an appeal from the levy for nonresident high school education made by the county board of equalization of Box Butte County, Nebraska, in 1983, pursuant to Neb. Rev. Stat. § 79-4,102 (Cum. Supp. 1982).

The plaintiffs are residents and taxpayers of Class I school districts (K-8) in Box Butte County. The defendants are the school districts of Alliance, Hemingford, Crawford, and Mitchell, Nebraska, which are Class III school districts (K-12) under Neb. Rev. Stat. § 79-102 (Reissue 1981). The county board of equalization, the county treasurer, and the county superintendent of Box Butte County, Nebraska, are also named as defendants.

Class I school districts by definition do not maintain high schools. See § 79-102(1). Students who are residents of Class I districts may obtain high school educations in Class III districts. See Neb. Rev. Stat. § 79-486 (Reissue 1981). The cost of providing high school education is then divided between the Class I "sending" districts and the Class III "receiving" districts. Section 79-4,102 prescribes a procedure by which a levy is determined, which is then applied to the taxable property in the Class I districts.

Over the years the computation of the cost to be borne by

taxpayers in Class I districts has varied from a flat rate, § 79-4,102 (Cum. Supp. 1967), to per pupil costs, § 79-4,102 (Reissue 1976), to the complex computation found in § 79-4,102 (Cum. Supp. 1982). Section 79-4,102 was again amended in 1984. See § 79-4,102 (Cum. Supp. 1984).

The petition on appeal which was filed in the district court on September 9, 1983, alleged that the action was brought on behalf of all property owners in non-high-school districts in Box Butte County who were similarly situated; that the 1982 amendments to § 79-4,102 (1982 Neb. Laws, L.B. 933) were unconstitutional; that the levy was in excess of the requirements of Box Butte County; and that portions of the levy were for an unlawful and unnecessary purpose. The petition prayed that the district court find that L.B. 933 was unconstitutional; that the illegal and unauthorized portion of the levy be determined; and that the county treasurer be directed to reduce the taxes to be collected pursuant to the levy by eliminating the unauthorized and illegal portion of the levy. The petition also prayed for other additional relief.

In a pretrial order the district court directed that the constitutionality of L.B. 933 would be determined first and that this would constitute "a final order for purposes of appeal to the supreme court." All remaining issues were to be tried after the "order in the first trial has become final."

The parties have stipulated that the levy was "correctly calculated and set in accordance with Section 79-4,102 R.S.Supp, 1982 (LB933)."

After a hearing on the constitutional issues only, the trial court found that the action could be maintained as a class action, that the plaintiffs were not estopped to maintain the action, and that L.B. 933 was unconstitutional in its entirety. Notices of appeal to this court were then filed by the four receiving districts.

Three of the appellees contend that the appeal should be dismissed for lack of a final order because the trial court determined only the constitutional issues and all other issues raised by the pleadings remain undetermined.

Ordinarily, when the trial court has reserved some of the issues for final determination, an order determining only a part

of the issues is not a final order, and an appeal from such an order is premature. In this case the trial court determined that L.B. 933 was unconstitutional in its entirety. The effect of that order, in the absence of an appeal, would be to require that nonresident high school tuition be determined under the statute as it existed prior to the 1982 amendment. It would require a calculation of per pupil costs by the various receiving districts, and there would be no further issues to be determined by the trial court at this time. An order is final and appealable when the substantial rights of the parties to the action are determined, even though the cause is retained for the determination of matters incidental thereto. *Dorshorst v. Dorshorst*, 174 Neb. 886, 120 N.W.2d 32 (1963).

We conclude that the decree filed on August 2, 1984, was a final order and this court has obtained jurisdiction of the appeal.

The action was brought by the plaintiffs on behalf of "themselves and for all of the other owners of property in the non-high school districts of Box Butte County, Nebraska, similarly situated." The trial court found that the action could be maintained as a class action.

Although the plaintiffs did not specifically ask for a refund of taxes, the petition refers to "the funds created by the declarations of the Court" and prays that attorney fees be paid from such a fund. The general rule is that an action to recover taxes illegally assessed cannot be maintained as a class action. *Hansen v. County of Lincoln*, 188 Neb. 461, 197 N.W.2d 651 (1972), *supp. op.* 188 Neb. 798, 197 N.W.2d 655.

There is also evidence of "potentially conflicting interests within the class" in that some members of the class own property located in both the receiving districts and in the sending districts. A class action must be for the benefit of all members of the class and may be maintained only where there is no conflict of interest among members of the class. *Evans v. Metropolitan Utilities Dist.*, 185 Neb. 464, 176 N.W.2d 679 (1970). Where the record shows the potentiality of conflict of interest among the members of the class, the action may not be maintained as a class action. *Blankenship v. Omaha P. P. Dist.*, 195 Neb. 170, 237 N.W.2d 86 (1976).

The finding by the trial court that the action could proceed as a class action was erroneous.

The appellants contend that the plaintiffs are estopped from questioning the constitutionality of the statute in an appeal from the levy, because the procedure for the appeal is provided in the statute itself. The trial court found for the plaintiffs on this issue.

> "This court has held many times that a litigant who invokes the provisions of a statute may not challenge its validity; nor seek the benefit and in the same action and at the same time question its constitutionality." *Alumni Control Board v. City of Lincoln*, 179 Neb. 194, 199, 137 N.W.2d 800, 804 (1965).

*In re Dissolution of School Dist. No. 22*, 216 Neb. 89, 91, 341 N.W.2d 918, 919 (1983). The court further concluded:

> "The plaintiffs in this action have availed themselves of the remedy provided by the statute. They seek the benefit of the statute to obtain a determination that the action of the city was not authorized under the statute. They are, therefore, prevented in this action from questioning the constitutionality of the statute under which they have proceeded. . . ."

*In re Dissolution of School Dist. No. 22, supra* at 91-92, 341 N.W.2d at 920, quoting *Shields v. City of Kearney*, 179 Neb. 49, 136 N.W.2d 174 (1965).

The plaintiffs argue that the rule stated above should not apply in this case because the appeal was brought pursuant to Neb. Rev. Stat. § 77-1606 (Reissue 1981). Section 77-1606 is a general statute which prescribes a procedure for taking an appeal from a levy made by the county board.

Prior to L.B. 933, there was no special statute providing for an appeal from a levy for nonresident high school education. In 1982 the Legislature amended § 79-4,102 to provide that any taxpayer might appeal from the action of the county board of equalization in resident high school tuition "in the manner provided in sections 77-1606 to 77-1610." By this provision the Legislature prescribed a specific method to review a levy made for nonresident high school education. This provision of § 79-4,102 is now a special statute relating to appeals from such

a levy. The fact that the Legislature chose the procedure prescribed in Neb. Rev. Stat. §§ 77-1606 to 77-1610 (Reissue 1981) is of no more consequence than if the procedure prescribed in some other statute had been adopted by reference.

We conclude that the trial court was in error in finding that the plaintiffs were not estopped from challenging the constitutionality of § 79-4,102 in an appeal brought pursuant to subsection (3) of that section.

It is unnecessary to consider any of the other assignments of error or the issues tendered by the cross-appeal.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.