COX NEBRASKA TELECOM, L.L.C., ET AL., APPELLEES,
v. QWEST CORPORATION, APPELLANT.

687 N.W.2d 188

Filed October 8, 2004.   No. S-03-147.

Charles W. Steese and Sandra L. Potter, of Steese & Evans, P.C., and Jill Vinjamuri Gettman, of Kutak Rock, L.L.P., for appellant.

Paul M. Schudel and James A. Overcash, of Woods & Aitken, L.L.P., for appellees ALLTEL Nebraska, Inc., and ALLTEL Communications of Nebraska, Inc.

Thomas J. Moorman and David Cosson, of Kraskin, Lesse & Cosson, L.L.C., for appellee Illuminet, Inc.

Deonne L. Bruning, P.C., L.L.O., for appellee Cox Nebraska Telecom, L.L.C.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.
## PROCEDURAL BACKGROUND
This litigation began with formal complaints filed before the Nebraska Public Service Commission (PSC) by the appellees, Cox Nebraska Telecom, L.L.C. (Cox); Illuminet, Inc; and ALLTEL Nebraska, Inc., and ALLTEL Communications of Nebraska, Inc. (collectively ALLTEL). The appellees charged that Qwest Corporation (Qwest), the appellant, was acting unlawfully by charging Illuminet for signaling services it obtained from Qwest and provided to Cox and ALLTEL. In an order entered December 17, 2002, the PSC agreed with the appellees and granted them the relief they requested. A timely motion for reconsideration was filed and denied. See Neb. Rev. Stat. § 75-137 (Cum. Supp. 2000).

On February 7, 2003, Qwest filed a notice of appeal purporting to appeal directly to the Nebraska Court of Appeals. We granted the appellees' motion to bypass the Court of Appeals. The appellees in this case have argued that Qwest failed to perfect its

appeal because it did not proceed pursuant to the Administrative Procedure Act (APA), Neb. Rev. Stat. § 84-901 et seq. (Reissue 1999 & Supp. 2003), and that we lack jurisdiction over this appeal. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Webb v. American Employers Group, ante* p. 473, 684 N.W.2d 33 (2004). For the reasons that follow, we conclude that the appellees are correct and that Qwest's appeal must be dismissed.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *In re Guardianship & Conservatorship of Woltemath, ante* p. 33, 680 N.W.2d 142 (2004). The meaning of a statute is also a question of law. *Vega v. Iowa Beef Processors*, 264 Neb. 282, 646 N.W.2d 643 (2002).

## ANALYSIS

### PSC APPEALS PRIOR TO 2000

Prior to any of the events or statutory changes relevant to this case, the method of bringing an appeal from the PSC was found in Neb. Rev. Stat. § 75-136 (Reissue 1996):

> If a party to any proceeding is not satisfied with the order entered by the commission other than an order entered under sections 75-156 to 75-158, such party may appeal to the Court of Appeals as provided in section 75-137 to reverse, vacate, or modify the order. In the case of an order entered under sections 75-156 to 75-158, the party may (1) seek the review of the Court of Appeals as provided in section 75-137 or (2) seek judicial review of the order under section 75-136.01. Subdivisions (1) and (2) of this section are mutually exclusive and the choice of either section 75-136.01 or 75-137 shall govern the appeal process.

Section 75-137 (Reissue 1996) provided a procedure for perfecting an appeal from the PSC to the Court of Appeals. Neb. Rev. Stat. § 75-136.01 (Reissue 1996) allowed a party to file a petition in the district court, but Neb. Rev. Stat. §§ 75-156 to 75-158 (Reissue 1996) dealt with the imposition of civil penalties and are

not relevant. Consequently, prior to 2000, appeals in cases such as the instant case were not perfected pursuant to the APA, but were brought directly to the Court of Appeals. See *Nebraska Pub. Serv. Comm. v. Nebraska Pub. Power Dist.*, 256 Neb. 479, 590 N.W.2d 840 (1999).

## PSC APPEALS AFTER 2000

The landscape changed with the enactment of 2000 Neb. Laws, L.B. 1285, which became effective on April 7, 2000. Section 75-136 (Cum. Supp. 2002) provided, as amended:

(1) Except as otherwise provided by law, if a party to any proceeding is not satisfied with the order entered by the commission, such party may appeal to the Court of Appeals as provided in section 75-137 to reverse, vacate, or modify the order.

(2) In the case of an order assessing a civil penalty entered under subdivision (1)(b) of section 75-156, the party may seek judicial review in accordance with the Administrative Procedure Act. In the case of any other order entered under sections 75-156 to 75-158, the party may (a) seek the review of the Court of Appeals as provided in section 75-137 or (b) seek judicial review of the order under section 75-136.01. Subdivisions (a) and (b) of this subsection are mutually exclusive and the choice of either section 75-136.01 or 75-137 shall govern the appeal process.

L.B. 1285 also created Neb. Rev. Stat. § 75-132.01(2) (Cum. Supp. 2000), which vested the PSC with exclusive jurisdiction over telecommunications appeals and provided that "[a]fter all administrative remedies before the commission have been exhausted, *any interested party to an action may appeal in accordance with the Administrative Procedure Act.*" (Emphasis supplied.) See, also, Neb. Rev. Stat. § 86-811 (Cum. Supp. 2000) (appeals from actions against telecommunications companies to follow procedures of § 75-132.01).

Consequently, effective April 7, 2000, the statutes provided two distinct means of appealing from the PSC. Generally, appeals were taken from the PSC to the Court of Appeals, as before, pursuant to § 75-136. However, telecommunications appeals were subject to the APA, pursuant to § 75-132.01. The

appellees contend that the instant case is such a telecommunications appeal, and Qwest does not contest that contention.

In addition, 2002 Neb. Laws, L.B. 1105, amended and recodified several sections in the process of creating the Nebraska Telecommunications Regulation Act (NTRA), Neb. Rev. Stat. § 86-101 et seq. (Cum. Supp. 2002). Section 86-158, an amendment and recodification of § 86-811, provided that operative January 1, 2003:

> (1) Except as otherwise provided in section 86-123, any order of the commission entered pursuant to authority granted in the Nebraska Telecommunications Regulation Act may be appealed by any party to the proceeding. *The appeal shall be in accordance with the Administrative Procedure Act.*
>
> (2) An original action or appeal concerning a violation of the Nebraska Telecommunications Regulation Act by a telecommunications company shall follow the procedures set forth in section 75-132.01.

(Emphasis supplied.) Section 86-123 provided that appeals from the PSC specifically relating to subscriber service complaints were to be brought pursuant to the APA. Consequently, the NTRA explicitly provided that telecommunications appeals would be brought under the APA.

In short, at the time Qwest filed its notice of appeal in this telecommunications case, it was required to proceed pursuant to the APA by the plain language of two separate statutory provisions: §§ 75-132.01 ("any interested party to an action may appeal in accordance with the Administrative Procedure Act") and 86-158 ("[t]he appeal shall be in accordance with the Administrative Procedure Act"). Because Qwest failed to proceed under the APA, we lack jurisdiction over this appeal. See, § 84-919; *Nebraska Pub. Serv. Comm. v. Nebraska Pub. Power Dist.*, 256 Neb. 479, 590 N.W.2d 840 (1999) (APA is exclusive means of judicial review of final decision of any agency in contested case).

Qwest, however, argues that the word "may" in § 75-132.01 was permissive, and not directory. See, e.g., *Spaghetti Ltd. Partnership v. Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002). Thus, according to Qwest, while it *could* have appealed under the

APA, it could also choose to proceed under § 75-136. Qwest reads § 75-132.01 as having provided parties in telecommunications cases with a choice of appellate procedure, as did § 75-136 for other cases in more explicit terms. Qwest's purported rationale is that depending on the situation, parties might want to expedite appellate review, or might want to go to district court in order to obtain more immediate relief in the form of a stay or injunction. The appellees reply that while the word "may" is generally permissive, in § 75-132.01, it meant only that a party may or may not choose to appeal—but if an appeal is filed, use of the APA is not discretionary.

■ Qwest's proposed interpretation is not persuasive, for a number of reasons. First, §§ 75-132.01 and 86-158, as the specific statutes governing telecommunications appeals, were controlling in those specific circumstances over the general provisions of § 75-136. To the extent that there is conflict between two statutes on the same subject, the specific statute controls over the general statute. *Brown v. Harbor Fin. Mortgage Corp.*, 267 Neb. 218, 673 N.W.2d 35 (2004).

■ Second, in construing a statute, an appellate court should consider the statute's plain meaning in pari materia and from its language as a whole to determine the intent of the Legislature. *Premium Farms v. County of Holt*, 263 Neb. 415, 640 N.W.2d 633 (2002). All subordinate rules are mere aids in reaching this fundamental determination. *Alegent Health Bergan Mercy Med. Ctr. v. Haworth*, 260 Neb. 63, 615 N.W.2d 460 (2000). Qwest's argument regarding the purportedly "permissive" language of § 75-132.01 does not account for § 86-158, which stated that telecommunications appeals "shall be in accordance" with the APA and then specifically incorporated the appellate procedure set forth in § 75-132.01. In order to ascertain the proper meaning of a statute, reference may be had to later as well as earlier legislation upon the same subject. *Unisys Corp. v. Nebraska Life & Health Ins. Guar. Assn.*, 267 Neb. 158, 673 N.W.2d 15 (2004). Plainly, §§ 75-132.01 and 86-158 were in pari materia, and established the Legislature's intent that telecommunications appeals be perfected under the APA.

Qwest also notes that in the midst of these statutory changes, this court decided two telecommunications appeals that were

filed after April 7, 2000, but were not brought under the APA. See, *In re Application of Lincoln Electric System*, 265 Neb. 70, 655 N.W.2d 363 (2003), *cert. denied* 539 U.S. 943, 123 S. Ct. 2620, 156 L. Ed. 2d 630, and 539 U.S. 954, 123 S. Ct. 2620, 156 L. Ed. 2d 648; *In re Application No. C-1889*, 264 Neb. 167, 647 N.W.2d 45 (2002). Qwest contends that because jurisdictional questions can be raised by an appellate court sua sponte, see *State ex rel. NSBA v. Krepela*, 259 Neb. 395, 610 N.W.2d 1 (2000), by reaching the merits of those appeals, this court impliedly adopted Qwest's interpretation of § 75-132.01.

However, neither *In re Application of Lincoln Electric System* nor *In re Application No. C-1889* expressly addresses any issue of appellate jurisdiction, and those opinions are not authority for any point not specifically raised as an issue addressed by this court. See *Farmers Union Co-op Ins. Co. v. Allied Prop. & Cas.*, 253 Neb. 177, 569 N.W.2d 436 (1997). Furthermore, as the appellees noted at oral argument, we rejected an argument functionally identical to Qwest's in *Ulbrick v. City of Nebraska City*, 180 Neb. 229, 141 N.W.2d 849 (1966), in which it was argued that the plaintiffs had failed to perfect their appeal by not following the statutory procedures for taking an appeal from a municipal annexation ordinance. We stated:

> Previous appeals under this statute have been before this court in two cases. Shields v. City of Kearney, 179 Neb. 49, 136 N.W.2d 174 [(1965)]; Read v. City of Scottsbluff, 179 Neb. 410, 138 N.W.2d 471 [(1965)]. In neither of these cases was the procedure on appeal questioned. The opinions in those cases are authority only for the holdings therein made. Since the district court had jurisdiction of the subject matter, any failure to comply with procedural rules is deemed to have been waived and do not in any way affect the validity of those decisions.
>
> It is argued, however, that it is a rule of this court, many times applied, that the court may on its own motion raise questions of jurisdiction and, not having done so in the two previous cases before the court, the procedures followed in those cases constitute a conclusive construction of the statute. No authority has been cited, and we have found none, that sustains this contention. Jurisdiction of the subject

matter cannot be waived, but procedural requirements may. This court may on its own motion take notice of them. The fact that this court did not take notice of procedural defects in the Shields and Read cases can give no aid to the plaintiffs in the instant case when procedural defects were timely raised.

*Ulbrick*, 180 Neb. at 231-32, 141 N.W.2d at 851-52.

For the foregoing reasons, we reject Qwest's proposed interpretation of § 75-132.01. Read in pari materia, §§ 75-132.01 and 86-158 clearly stated that at the time Qwest filed its notice of appeal, telecommunications appeals were subject to the APA. By failing to proceed pursuant to the exclusive means for appealing a PSC decision in a telecommunications case, Qwest failed to perfect its appeal. See, § 84-919; *Nebraska Pub. Serv. Comm. v. Nebraska Pub. Power Dist.*, 256 Neb. 479, 590 N.W.2d 840 (1999).

However, none of the parties' arguments have addressed the effect, if any, of statutory changes that were made subsequent to the filing of Qwest's appeal. For the sake of completeness, we consider those amendments.

2003 NEB. LAWS, L.B. 187

The former § 75-132.01(2) was repealed by 2003 Neb. Laws, L.B. 187, operative August 31, 2003. Section 75-132.01 (Supp. 2003) now provides:

(1) Notwithstanding the provisions of section 75-131, the commission shall have exclusive original jurisdiction over any action concerning a violation of any provision of (a) the Automatic Dialing-Announcing Devices Act, the Emergency Telephone Communications Systems Act, the Enhanced Wireless 911 Services Act, the Intrastate Pay-Per-Call Regulation Act, the Nebraska Telecommunications Regulation Act, the Nebraska Telecommunications Universal Service Fund Act, the Telecommunications Relay System Act, or the Telephone Consumer Slamming Prevention Act by any person providing telecommunications service for a fee in Nebraska intrastate commerce pursuant to such acts or (b) sections 86-574 to 86-578 by an agency or political subdivision of the state.

(2) If the commission enters an order declining jurisdiction under subsection (1) of this section, any interested person may petition the district court of the county in which such alleged violation has occurred. If it appears to the court, after a hearing, that a provision of such acts or sections has been violated, the court may issue an injunction or other proper process to restrain the telecommunications company and its directors, officers, employees, or agents or the agency or political subdivision of the state from continuing such violation and may order additional relief. Any party to the case shall have the right to appeal the decision of the district court to the Court of Appeals under the rules provided by law for appeals in civil cases.

Consequently, the revised section seems to clearly limit itself to telecommunications appeals and provides specifically for an appeal to district court in circumstances in which the PSC has declined jurisdiction. This is consistent with the previous statutory scheme as amended by L.B. 1285.

The section more pertinent to this appeal, however, is the newly amended § 75-136 (Supp. 2003), which now provides:

Except as otherwise provided by law, if a party to any proceeding is not satisfied with the order entered by the commission, such party may appeal. *Any appeal filed on or after August 31, 2003, shall be in accordance with the Administrative Procedure Act. Any appeal filed prior to August 31, 2003, shall be in accordance with sections 75-134, 75-136 to 75-138, and 75-156 as such sections existed prior to the changes made by Laws 2003, LB 187.*

(Emphasis supplied.)

Section 86-158 (Supp. 2003), which was also amended by L.B. 187, now provides:

(1) Except as otherwise provided in section 86-123, any order of the commission entered pursuant to authority granted in the Nebraska Telecommunications Regulation Act may be appealed by any interested party to the proceeding. *The appeal shall be in accordance with the Administrative Procedure Act.*

(2) In an original action concerning a violation of the Nebraska Telecommunications Regulation Act by a

telecommunications company, the commission shall have jurisdiction as set forth in section 75-132.01. After all administrative remedies before the commission have been exhausted, an appeal may be brought by an interested party to an action. *Such appeal shall be in accordance with the Administrative Procedure Act.*

(Emphasis supplied.)

Specifically at issue here is the language of § 75-136 which states that "[a]ny appeal filed prior to August 31, 2003, shall be in accordance with sections 75-134, 75-136 to 75-138, and 75-156 as such sections existed prior to the changes made by Laws 2003, LB 187." This language does not mention the former § 75-132.01. For purposes of this discussion, we assume, without deciding, that the Legislature could, if it wished, retroactively affect our jurisdiction over appeals that had already been filed. See, e.g., *Evans & Sutherland Comp. v. State Tax*, 953 P.2d 435 (Utah 1997). But see *Rhodes v. Eckelman*, 302 Or. 245, 728 P.2d 527 (1986) (en banc). The question is whether § 75-136 expresses an intent to retroactively confer appellate jurisdiction for an appeal that had previously been defective because it did not meet the statutory requirements in effect at the time that the notice of appeal was filed.

We conclude that the plain language of the statutes expresses no such intent. The primary effect of § 75-136, as amended by L.B. 187, is that operative August 31, 2003, all appeals from the PSC, and not just telecommunications cases, generally are to be brought under the APA. But this does not evince an intent to change the specific provisions of the prior statutory scheme that in telecommunications cases, interested parties were *already* required to appeal under the APA.

Section 86-158, both before and after it was amended by L.B. 187, required that appeals in telecommunications cases be perfected in accordance with the APA. In other words, before L.B. 187 was enacted, appeals in telecommunications cases were to be brought in accordance with the APA, and after L.B. 187, the same requirement was still in place. Read in pari materia, the changes affected by L.B. 187 do not evince a legislative intent to confer jurisdiction over telecommunications appeals that were not perfected under the statutory requirements in effect at the

time the notice of appeal was filed. Rather, the opposite effect is discernible. L.B. 187 does not alter our conclusion that at the time Qwest's notice of appeal was filed, it was required to proceed pursuant to the APA.

## CONCLUSION

Because Qwest failed to proceed under the APA, as required by the statutory scheme in effect at that time, we lack jurisdiction over this appeal. When an appellate court is without jurisdiction to act, the appeal must be dismissed. *In re Guardianship & Conservatorship of Woltemath, ante* p. 33, 680 N.W.2d 142 (2004). Consequently, we dismiss Qwest's appeal.

APPEAL DISMISSED.