STATE OF NEBRASKA, APPELLEE, V. DAVID C. BLACK, APPELLANT.

238 N. W. 2d 231

Filed February 5, 1976. No. 40093.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

Defendant was charged and found guilty under section 28-531.02, R. R. S. 1943, with breaking and entering a parked motor vehicle in Omaha, Nebraska. On March 14, 1975, the court sentenced the defendant to an indeterminate term of 1 to 2 years imprisonment in the Nebraska Penal and Correctional Complex. The sole assignment of error is that the District Court erro-

neously sentenced the defendant to an indeterminate term of imprisonment whose minimum term exceeded one-third of the statutory maximum term provided by law for the offense for which he was convicted. We affirm the judgment and sentence of the District Court.

Defendant rests his argument upon section 83-1,105(1), R. S. Supp., 1974, which provides: "Except where a term of life is required by law, in imposing an indeterminate sentence upon the offender, the court may: (1) Fix the minimum and maximum limits of the sentence, but the minimum limit fixed by the court shall not be less than the minimum provided by law *nor more than one-third of the maximum term*, and the maximum term shall not be greater than the maximum term provided by law." (Emphasis supplied.) It is settled that the phrase "nor more than one-third of the maximum term" refers to the maximum term provided by law for the offense, and not the maximum term set by the court. State v. Suggett, 189 Neb. 714, 204 N. W. 2d 793 (1973).

If the provision in section 83-1,105(1), R. S. Supp., 1974, that the minimum limit on an indeterminate sentence shall not exceed one-third of the statutory maximum term, is applied to this case, then the minimum limitation on the indeterminate sentence would be 8 months and thus less than the minimum term specifically provided by the Legislature for the offense which the defendant was convicted for. Section 28-531.02, R. R. S. 1943, provides for imprisonment of *"not less than one year* nor more than two years." (Emphasis supplied.)

Section 28-531.02, R. R. S. 1943, and section 83-1,105(1), R. S. Supp., 1974, are clearly in conflict. There is also a conflict within section 83-1,105(1), R. S. Supp., 1974, itself, for other language in that section provides that "the *minimum limit fixed by the court shall not be less than the minimum provided by law*." (Emphasis supplied.) "It is the duty of the court, as far as prac-

ticable, to give effect to the language of a statute and to reconcile the different provisions of it so they are consistent, harmonious, and sensible." Van Patten v. City of Omaha, 167 Neb. 741, 94 N. W. 2d 664 (1959). "When the literal enforcement of a statute would result in absurdity, the courts will assume that such consequences were not intended." Kearney County v. Hapeman, 102 Neb. 550, 167 N. W. 792 (1918).

By its terms (section 83-1,105(1), R. S. Supp., 1974), the Legislature did not intend to affect or change the statutory minimum term of imprisonment for offenses, such as that prescribed by section 28-531.02, R. R. S. 1943, when it enacted section 83-1,105(1), R. S. Supp., 1974.

Applying the above rules, we necessarily conclude that the language in section 83-1,105(1), R. S. Supp., 1974, providing that the minimum limit of an indeterminate sentence shall not exceed one-third of the statutory maximum term, was not intended to be applicable to cases such as this, where one-third of the statutory maximum term is less than the statutory minimum term. In such a case, the language in section 83-1,105(1), R. S. Supp., 1974, that "the minimum limit fixed by the court shall not be less than the minimum provided by law" will be controlling and will fix the minimum limitation of the indeterminate sentence imposed.

Under our interpretation of section 83-1,105(1), R. S. Supp., 1974, the sentence imposed by the District Court was within statutory limits, and as such will not be disturbed on appeal absent a clear abuse of discretion. State v. Green, 194 Neb. 770, 235 N. W. 2d 663. There was no abuse of discretion in this case.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.