NORTHWEST HIGH SCHOOL DISTRICT NO. 82 OF HALL AND MERRICK COUNTIES ET AL., APPELLANTS, V. RAY HESSEL, HALL COUNTY ASSESSOR, ET AL., APPELLEES.

313 N.W.2d 656

Filed December 18, 1981. Nos. 43796, 43797, 43798.

Knudsen, Berkheimer, Beam, Richardson & Enda-cott for appellants.

Don Walters, Deputy Hall County Attorney, for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

In these three consolidated cases the plaintiffs sought to enjoin the county officials of Hall County, Nebraska, from detaching property contained in three different subdivisions of the city of Grand Island, Nebraska, from the plaintiff school district boundaries and attaching the property to the school district of the city of Grand Island, Nebraska, for purposes of taxation. The District Court dismissed plaintiffs' petition.

The three subdivisions involved in these cases were each annexed to the boundaries of the city of Grand Island, Nebraska, by three separate resolutions of the city council dated May 17, September 7, and October 18, 1976, respectively. Each resolution was adopted after all requirements of a 1968 subdivision ordinance had been complied with, and each resolution recited the approval and acceptance of the subdivision.

The three petitions in these cases were filed on August 15, 1980. They alleged that the city council of Grand Island, Nebraska, did not adopt an ordinance declaring each subdivision to be included within the boundaries of the city of Grand Island, but instead had done so by resolution. The petitions also alleged that the defendant county officials, on September 1, 1980, would, unless enjoined, detach the subdivision

properties from the plaintiff school districts and attach them to the school district of the city of Grand Island for purposes of taxation. Plaintiffs sought an injunction and equitable relief.

Temporary restraining orders were granted on August 22, 1980. Hearings were held on September 10, 1980, and on September 15, 1980, the District Court found there were insufficient grounds to grant the relief prayed for by the plaintiffs, dissolved the temporary restraining orders, and dismissed the petitions in the three cases. This appeal followed.

The plaintiffs contend that under applicable statutes of Nebraska only land annexed by contemporaneous ordinance becomes a part of the school district of the annexing city. Their position is that the annexations involved here were accomplished by resolutions only and not by ordinance and are therefore invalid and ineffective to change the boundaries of the respective school districts.

At this point reference needs to be made to relevant statutes and ordinances. Neb. Rev. Stat. § 79-801 (Reissue 1976) provides in part: "The territory embraced within the corporate limits of each incorporated city or village in the State of Nebraska, together with such additional territory and additions to such city or village as may be added thereto, as declared by ordinances to be boundaries of such city or village, having a population of more than one thousand and not more than fifty thousand inhabitants, including such adjacent territory as now is or hereafter may be attached for school purposes, shall constitute a school district of the third class and be known by the name of The School District of (name of city or village), in the county of (name of county), in the State of Nebraska."

Neb. Rev. Stat. § 19-916 (Reissue 1977) provides that the proprietor or proprietors of any land within or contiguous to any city of the first or second class or village may lay out an addition to the city or village. When a map or plat of the addition has been made out,

acknowledged, and certified in accordance with the statute, and has been approved by the local legislative body, "[a]ll additions thus laid out shall remain a part of the municipality and all additions laid out adjoining or contiguous to the corporate limits shall be included within the same and become a part of such municipality for all purposes whatsoever. . . . *Provided*, the local legislative body shall have power by ordinance to provide the manner, plan, or method by which land within the corporate limits of any such municipality, or contiguous to the same, may be subdivided, platted, or laid out . . . . No addition shall have any validity, right or privileges as an addition . . . unless the same be approved by the governing body and its approval endorsed thereon."

Neb. Rev. Stat. § 16-117 (Reissue 1977), which deals with the powers of annexation of cities of the first class, provides in part: "[T]he mayor and council may by ordinance . . . at any time, include within the corporate limits of such city any contiguous or adjacent lands, lots, tracts, streets, or highways as are urban or suburban in character . . . ."

Ordinance No. 4536 of the city of Grand Island was duly adopted on April 22, 1968. It provided the manner, plan, and method by which land within or contiguous to the corporate limits of the city could be subdivided. The ordinance contains 26 separate sections and multiple subsections and is published in pamphlet form.

Essentially, the ordinance specifies that if the subdivider has complied with the procedures outlined in the ordinance and the subdivision meets all the requirements of the ordinance, the subdivision shall be approved. Section 32-2 of the ordinance specifically provides: "Any plat of land contiguous to the corporate limits of the City shall be treated as an addition to the City as provided in Sec. 16-112 R.R.S. 1943." The relevant parts of that section and of present § 19-916 are the same.

The plaintiffs contend that under the language of

§ 79-801 only land annexed to a city by a contemporaneous ordinance becomes a part of the school district of the annexing city. They argue that the words "as declared by ordinances" limit the effect of the statute and that the later provisions of the section dealing with negotiation between school boards "within ninety days after the effective date of the city annexation ordinance" reinforce the conclusion that a resolution is not enough. They also argue that annexation under § 19-916 is accomplished under that statute and not by virtue of ordinances adopted under authorization of the statute, and therefore such annexation has no effect upon boundaries of affected school districts. We disagree.

The legislative intent is the cardinal rule in the construction of statutes. All statutes relating to the same subject are considered as parts of a homogeneous system and later statutes are considered as supplementary to preceding enactments. Statutes relating to the same subject, although enacted at different times, are in pari materia and should be construed together. *Matzke v. City of Seward*, 193 Neb. 211, 226 N.W.2d 340 (1975).

The general purpose of § 79-801 is not to prescribe a method by which a municipality can annex contiguous territory. Instead, it generally provides that as a city expands its boundaries, the boundaries of its school district expand also. Its purpose is to insure the continuity of city school districts, not to favor one method of annexation over another. In the case at bar ordinance No. 4536 is a complete act setting out the manner and method to be followed in annexing territory by subdivision approval. The specific approval of an individual subdivision, when all the requirements of the ordinance have been met, is merely a ministerial act and the annexation was accomplished in accordance with the ordinance, and the approval was in accordance with § 19-916.

Construing the statutes together, we hold that the annexation by a city of a contiguous subdivision effected by a resolution of the city council approving and accepting the plat of such subdivision in compliance with a

subdivision ordinance duly adopted by the city under the authorization contained in § 19-916, or its predecessor, constitutes a declaration of boundaries of the city by ordinance within the meaning of § 79-801. The date of the resolution of the city council approving and accepting such a subdivision is "the effective date of the city annexation ordinance" within the meaning of the proviso in § 79-801.

The judgment of the District Court was correct and is affirmed.

AFFIRMED:

CLINTON, J., concurs in the result.