STATE OF NEBRASKA, APPELLEE, V. NORDELL FRANKLIN GLOVER, APPELLANT.

325 N.W.2d 155

Filed October 22, 1982.   No. 82-063.

Thomas DeLay of Mueting, DeLay & Stoffer, for appellant.

Paul L. Douglas, Attorney General, and Martel J. Bundy, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

The defendant-appellant, Nordell Franklin Glover, appeals from an order overruling his motion for judicial review of the report of the Sentencing Review Committee (Committee), established pursuant to Neb. Rev. Stat. § 29-2916 (Reissue 1979), made after defendant had been committed to the penal complex. We affirm.

Appellant was convicted of first degree sexual as-

sault, found to be a mentally disordered sex offender, and sentenced to 7 to 10 years' confinement. He was thereupon committed to the Lincoln Regional Center; after a review by the Committee, the District Court found that appellant had received the maximum benefit of treatment at the center and committed him to the penal complex. After a subsequent review, the Committee found that appellant had a mental disorder and that the disorder was not treatable. Thereafter, appellant filed the motion which is the subject of his appeal.

Appellant argues he was entitled to a judicial review of the Committee's second report as a matter of right under the provisions of Neb. Rev. Stat. § 29-2918 (Reissue 1979), which states: "(1) The Sentencing Review Committee shall annually or upon motion of the defendant review all records of mentally-disordered sex offenders. (2) Prior to any review the regional center shall prepare and provide to the committee all data, including test results, which are relevant to the issues of whether the defendant still has a mental disorder or whether the defendant has received the maximum benefit of treatment. The committee, before making a final determination, may request from the appropriate regional center any additional information it deems necessary. (3) The committee shall file a written report with the sentencing court on the results of its review. Such reports shall include reasons for the conclusions. The court shall, upon motion of either party, conduct a hearing on defendant's status upon receiving such written report from the Sentencing Review Committee. The court shall conduct such a hearing upon its own motion at least every four years."

A reading of the statute makes it abundantly clear that the annual review therein required is only to occur within the context of a "mentally disordered sex offender" who has been and remains committed to a

regional center for treatment. The Committee's second review was without legal authority. This is demonstrated by the fact that the paragraph requiring annual review, paragraph (1), is followed in paragraph (2) by language dictating preparation of certain data by the regional center which is to be provided to the Committee. No mention is made of any records in the custody of any other entity. Paragraph (3) requires the Committee to make a report to the sentencing court of the results of its review. Additionally, the next section, Neb. Rev. Stat. § 29-2919 (Reissue 1979), speaks in terms of defendant's "return to the sentencing court for further disposition" and specifically sets forth that such further disposition may include sentencing the defendant to the Nebraska Penal and Correctional Complex for the "remainder" of the sentence. Nowhere is there the slightest hint of a statutory mandate for review, annual or otherwise, once commitment to the penal complex has been made.

This analysis is further borne out when the overall structure of article 29 of Chapter 29 of our statutes is noted. The progression is from presentence investigation to evaluation, to confinement to a regional center, to commitment at the penal complex. Section 29-2918 is so placed in the sequential progression, after confinement to a regional center and before commitment to the penal complex, as to make it clear that no review is to be made after commitment to the penal complex. No statutory purpose is served by committee review after commitment to the penal complex.

There is no ambiguity or lack of an independent, clear meaning of the pertinent statute which would require or authorize us to construe the statute, and therefore we need not go beyond the face of the statute, as we did in *North Star Lodge #227 v. City of Lincoln, ante* p. 236, 322 N.W.2d 419 (1982). See, also, *PPG Industries Canada Ltd. v. Kreuscher,* 204

Neb. 220, 281 N.W.2d 762 (1979). However, it is the rule that we will, if possible, give effect to every word, clause, and sentence of a statute. *North Star Lodge #227 v. City of Lincoln, supra; Ulbrick v. City of Nebraska City,* 180 Neb. 229, 141 N.W.2d 849 (1966). To engage in the strained interpretation proffered by appellant would require us to violate this rule by effectively ignoring the clear meaning of paragraphs (2) and (3) of § 29-2918, which clearly place the annual (or other) review within the context of an "offender" who has been committed to a regional center for treatment but has not yet been committed to the penal complex for the duration of his sentence. See, also, *State v. Black,* 195 Neb. 366, 238 N.W.2d 231 (1976).

This appeal is frivolous. The trial court was correct in overruling appellant's motion.

AFFIRMED.

McCOWN, J., participating on briefs.