JAMES E. ISKE, APPELLEE, V. PAPIO NATURAL RESOURCES
DISTRICT, APPELLANT.

352 N.W.2d 172

Filed July 20, 1984.   No. 83-815.

Paul F. Peters, for appellant.

Dixon G. Adams, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

In 1979 a permanent easement was taken by appellant, Papio Natural Resources District (NRD), over 9.54 acres of the appellee Iske's farm.

On November 13, 1979, the Sarpy County Court appraisers' report was filed, which awarded damages to Iske in the amount of $29,700. NRD deposited $29,700 with the Sarpy County Court on November 20, 1979, and offered to stipulate that Iske could withdraw all or any part thereof. Iske thereafter filed an appeal to the district court from the award of the appraisers.

On December 10, 1979, Iske not having accepted NRD's offer to stipulate, NRD moved for and obtained an order which directed the Sarpy County Court to place the $29,700 deposit in an interest-bearing investment.

Iske's appeal was tried to a jury, and on July 28, 1982, a verdict was rendered awarding Iske $33,000. No appeal was taken from the amount of the award, though Iske did appeal the district court's refusal to pay the judgment in U.S. gold coin at face value. That appeal was summarily affirmed. The district court thereafter entered judgment on the mandate and determined the amount of interest due to Iske under Neb. Rev. Stat. § 76-711 (Cum. Supp. 1978 and Cum. Supp. 1982). The district court awarded $12,501.22 interest, plus $14.29 per day thereafter. Any balance remaining in the county court was to be paid to NRD.

It is the determination of the amount of interest due which is the subject of this appeal.

The issue which must be decided is whether Iske, as condemnee, is entitled to interest on the money which was deposited in the county court by the condemner NRD, where NRD offered to stipulate that the funds could be withdrawn.

The resolution of the issue requires the interpretation of § 76-711 as amended by the Legislature by 1982 Neb. Laws, L.B. 705, § 1. The relevant portions of the statutory section are the fifth and sixth sentences, which read as follows before and after the amendments were made:

> If an appeal is taken from the award of the appraisers by the condemnee and the condemnee obtains a greater amount than that allowed by the appraisers, the condemnee shall be entitled to interest from the date of the deposit with the county judge at the rate of nine per cent per annum provided in section 45-104.01, as such rate may from time to time be adjusted by the Legislature, compounded annually, on the amount finally allowed, less interest at the same rate on the amount withdrawn, or on the amount which the condemner offers to stipulate for withdrawal, as provided by the provisions of section 76-719.01.

> If an appeal is taken from the award of the appraisers by the condemner, the condemnee shall be entitled to interest from the date of deposit with the county judge at the rate of nine per cent per annum provided in section 45-104.01, as such rate may from time to time be adjusted by the Legislature, compounded annually, on the amount

finally allowed, less interest at the same rate on the amount withdrawn, or on the amount which the condemner offers to stipulate for withdrawal as agreed to by the condemnee, as provided by section 76-719.01, which provision shall apply to all appeals by the condemner or condemnee pending on June 6, 1961.

Neb. Rev. Stat. § 45-104.01 (Cum. Supp. 1982), referred to in the amendment as the rate of interest to be applied, provides for a 14-percent interest rate to be assessed on delinquent payment of taxes.

We first note that the district court properly determined that the increased interest rate was to be applied as of the effective date of the amendment, see *Colburn v. Ley*, 191 Neb. 427, 215 N.W.2d 869 (1974); however, the incorrect date was applied. L.B. 705 was passed with the emergency clause and took effect on March 25, 1982. See Cum. Supp. 1982 app. at 2164. While neither party has raised that issue, we reserve the right to note and correct plain error. Neb. Ct. R. 9D(1)d (Rev. 1983); *Wittwer v. Dorland*, 198 Neb. 361, 253 N.W.2d 26 (1977).

The more difficult question involves the interpretation of the final phrase of the sixth sentence, "which provision shall apply to all appeals by the condemner or condemnee pending on June 6, 1961."

Specifically, we must determine *what* provision is referred to by the language quoted.

A statute is open to construction where the language used requires interpretation or may reasonably be considered ambiguous. *Omaha P.P. Dist. v. Nebraska State Tax Commissioner*, 210 Neb. 309, 314 N.W.2d 246 (1982).

Legislative intent is the cardinal rule in statutory construction. *Northwest High School Dist. No. 82 v. Hessel*, 210 Neb. 219, 313 N.W.2d 656 (1981).

This court will, if possible, give effect to every word, clause, and sentence of a statute, *State v. Glover*, 212 Neb. 713, 325 N.W.2d 155 (1982), since the Legislature is presumed to have intended every provision of a statute to have a meaning, *Richardson v. Board of Education*, 206 Neb. 18, 290 N.W.2d 803 (1980).

Referential and qualifying words in a statute, where no con-

trary intention appears, refer solely to the last antecedent. *Haiar v. Kessler*, 188 Neb. 312, 196 N.W.2d 380 (1972).

In order to give effect to each sentence and phrase in § 76-711, the language, "which provision shall apply to all appeals by the condemner or condemnee pending on June 6, 1961," must be interpreted as referring to Neb. Rev. Stat. § 76-719.01 (Reissue 1981), the provision immediately preceding it.

Section 76-719.01 provides for funds to be withdrawn from county court after deposit by condemner.

Section 76-711 was originally enacted in 1951. At that time the language involving appeals merely provided that if an appeal was taken and the condemnee obtained a greater amount than the award of the appraisers, he would receive interest on the amount finally allowed. No distinction was made with regard to who filed the appeal. 1951 Neb. Laws, ch. 101, § 11, p. 454.

In 1959 the Legislature passed § 76-719.01, which at that time allowed the parties to stipulate that up to 80 percent of the county court deposit could be withdrawn. In conjunction with the passage of § 76-719.01, the Legislature added to § 76-711 the provision for the subtraction of interest on the amount withdrawn under § 76-719.01. 1959 Neb. Laws, ch. 351, § 1, p. 1240.

In 1961, § 76-711 was amended to provide separate provisions for appeals taken by a condemnee or a condemner. The language, "which provision shall apply . . . ," was also added in 1961. 1961 Neb. Laws, ch. 369, § 1, p. 1141.

A strict reading of § 76-711 prior to the 1982 amendments could have led to an interpretation that § 76-719.01 applied only to appeals by a condemner pending on the effective date of the legislation and thereafter. The addition of the language "or condemnee" in 1982 now precludes that interpretation.

The appellee has argued that the additional language requires that the condemnee agree to the offer to stipulate. To adopt that construction would force us to ignore the plain language of the fifth sentence.

We must give effect to the plain language of the statute. Had the Legislature intended to require agreement to the stipulation in appeals by the condemnee, the change could have been made.

As written, § 76-711 clearly provides for interest calculations in two different contexts. The first is in the context of a successful appeal by a condemnee, which does not require agreement to the offer to stipulate. The second context is that of an appeal by a condemner, which, as amended in 1982, requires the condemnee to agree to a stipulation for withdrawal before interest is deducted on that amount.

The calculation of interest by the district court in this case was based on the entire amount of the award. No deduction was made for the amount on deposit which the condemner offered to stipulate for withdrawal, and therefore the calculation was in error. The interest should be calculated on the amount finally awarded, less interest on the $29,700 which NRD offered to stipulate for withdrawal, as provided by the fifth sentence of § 76-711.

We therefore reverse the order of the district court and remand the cause for proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.