REQUESTED BY: Michael J. Owens Hamilton County Attorney
Yes. A person who is a non-resident of this state, and subject to revocation, shall have his or her license taken by the arresting officer to be forwarded to the Nebraska Department of Motor Vehicles (hereinafter the "Department"). Yes. A person with a CDL, and subject to revocation, shall have his or her license taken by the arresting officer to be forwarded to the Nebraska Department of Motor Vehicles.
The ALR law in Nebraska provides that the arresting officer shall forward the operator's license to the Department. Neb.Rev.Stat. § 39-669.15(4). If the person subject to the revocation is a non-resident, then the director shall revoke only the non-resident's operating privilege and shall immediately forward the operator's license and a statement of the factual basis for the revocation to the person's state of residence. Neb.Rev.Stat. §39-669.16(1). Where the language of a statute is clear, the statute should be given effect according to its plain meaning. Montgomery v. Blazek, 161 Neb. 349, 73 N.W.2d 402
(1955). Therefore, the arresting officer should take possession of the non-resident's operator's license and forward said license to the Department.
Neb.Rev.Stat. § 60-4,163 (1992 Cum.Supp.) provides in pertinent part that:
 any person who operates or is in the actual physical control of a commercial motor vehicle while having any alcoholic liquor in his or her body or who refuses to submit to a test to determine the alcoholic content of his or her blood, breath, or urine shall be placed out of service for twenty-four hours . . . and shall be subject to prosecution for any violation of § 39-669.07 and 39-669.08.
Neb.Rev.Stat. § 39-669.08(4) (1992 Cum.Supp.) provides in pertinent part that:
 any person who refuses to submit to such test or test required pursuant to this section shall be subject to the administrative license revocation procedures in § 39-669.15 through 39-669.18. . . .
As previously discussed, § 39-669.15(4) provides for the arresting officer to forward the operator's license to the Department.
A conflict within the statutes presents an argument that a CDL license may not be impounded by the arresting officer. A Commercial Motor Vehicle is defined under Neb.Rev.Stat. § 60-465 (1992 Cum.Supp.) with CDL classifications under § 60-4,138 (1992 Cum.Supp.). Neb.Rev.Stat. § 60-4,164 through 60-4,167
provides the administrative revocation process for individuals, with a CDL, who refuse to submit to a chemical test. No provision is made within § 60-4,164
through 60-4,167 for impoundment of the CDL by the arresting officer.
The Nebraska Supreme Court has held that: "it is the duty of the court, as far as practicable, to give effect to the language of a statute and to reconcile the different provisions of it so they are consistent, harmonious, and sensible." State v. Black, 195 Neb. 367 [195 Neb. 366],238 N.W.2d 231 (1976). However, the court has also stated that: "statutes in pari materia should be construed together so as to give force and effect to each wherever possible, but where plain and unavoidable repugnancy exists between the statutes, the later will control." Worley v. Schaefer II, 228 Neb. 484, 423 N.W.2d 748 (1988).
The Nebraska CDL laws were passed by the Unicameral in 1989 with an effective date of January 1, 1990. The Nebraska ALR law was passed by the Unicameral in 1992 with an effective date of January 1, 1993. Therefore, the ALR provision would control and the CDL would be impounded by the arresting officer and sent to the Department.
Sincerely yours,
DON STENBERG Attorney General
Paul N. Potadle Assistant Attorney General 46-1002-3.1
Approved By: ____________________________ Attorney General