NANCY A. ABBOUD, TRUSTEE, APPELLEE, V. PAPIO-MISSOURI RIVER NATURAL RESOURCES DISTRICT, APPELLANT.

571 N.W. 2d 303

Filed December 12, 1997. No. S-96-275.

Paul F. Peters and Christopher D. Curzon, of Schmid, Mooney & Frederick, P.C., for appellant.

Joseph S. Daly and Jeffrey P. McGinnis, of Sodoro, Daly & Sodoro, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

GERRARD, J.

In the district court for Douglas County, Nancy A. Abboud filed a posttrial motion requesting the court to determine the rate of interest to be applied to the delinquent portion of a condemnation award and an attorney fees award. The district court determined that the rate of interest to be applied to both awards was 14 percent for the entire period that the payment of the awards remains delinquent. On February 23, 1996, the district court denied the motion for new trial by the Papio-Missouri River Natural Resources District (NRD). The NRD appeals the district court's order denying its motion for new trial. We determine that Abboud is not entitled to legal interest on the attorney fees award. We further determine that because there was an amendment changing the 14-percent interest rate, the new statutory interest rate must apply to the condemnation award from

the effective date of the new rate, and, thus, we reverse the judgment and remand this matter to the district court with directions.

## PROCEDURAL BACKGROUND

In 1991, the NRD sought the condemnation of a parcel of land owned by Abboud. Pursuant to a condemnation award granted to Abboud by a board of appraisers, the NRD, on July 23, 1991, deposited the sum of $202,500 with the Douglas County Court. The NRD appealed the board's determination to the Douglas County District Court, where, on July 15, 1993, a jury returned a verdict granting Abboud a final condemnation award in the amount of $475,000. Subsequently, on August 13, the district court awarded Abboud statutory attorney fees.

On September 15, 1995, Abboud filed a motion requesting the court to determine the rate of interest to be applied to the delinquent portion of the condemnation award and attorney fees award. The district court entered an order on January 23, 1996, finding that the rate of interest to be applied to both awards was 14 percent. The NRD timely filed a motion for new trial, asserting that the findings in the January 23 order were not sustained by sufficient evidence and were contrary to law. The NRD's motion for new trial requested a new hearing solely with reference to the findings and conclusions of law in the January 23 order. On February 23, the district court denied the NRD's motion for new trial. The NRD appeals the district court's order denying its motion for new trial.

## SCOPE OF REVIEW

A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion. *Koehler v. Farmers Alliance Mut. Ins. Co.*, 252 Neb. 712, 566 N.W.2d 750 (1997); *Blose v. Mactier*, 252 Neb. 333, 562 N.W.2d 363 (1997).

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Bank of Papillion v. Nguyen*, 252 Neb. 926, 567 N.W.2d 166 (1997); *State ex rel. City of Elkhorn v. Haney*, 252 Neb. 788, 566 N.W.2d 771 (1997).

## ASSIGNMENTS OF ERROR

The NRD asserts that the district court erred in granting (1) interest at the rate of 14 percent on the delinquent portion of the condemnation award for the entire period that the award remains unpaid and (2) interest on the attorney fees award.

## ANALYSIS

When interpreting statutes, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense, as it is the court's duty to discover, if possible, the Legislature's intent from the language of the statute itself. *Brown v. Wilson*, 252 Neb. 782, 567 N.W.2d 124 (1997); *In re Interest of Jeffrey R.*, 251 Neb. 250, 557 N.W.2d 220 (1996). Furthermore, a court should construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme. *State ex rel. City of Elkhorn v. Haney, supra*; *In re Interest of Brandy M. et al.*, 250 Neb. 510, 550 N.W.2d 17 (1996). Finally, statutes conferring and circumscribing the power of eminent domain must be strictly construed. *Engelhaupt v. Village of Butte*, 248 Neb. 827, 539 N.W.2d 430 (1995).

### CONDEMNATION AWARD

In 1991, when this condemnation action was filed, and on July 23, 1991, when the NRD deposited $202,500 with the Douglas County Court, Neb. Rev. Stat. § 76-711 (Reissue 1990) provided that

> [i]f an appeal is taken from the award of the appraisers by the condemner, the condemnee shall be entitled to interest from the date of deposit at the rate provided in section 45-104.01, as such rate may from time to time be adjusted by the Legislature, compounded annually, on the amount finally allowed . . . .

Neb. Rev. Stat. § 45-104.01 (Reissue 1988), referred to in the above statute as determining the rate of interest to be applied, provided for a 14-percent interest rate. On November 13, 1992, Neb. Rev. Stat. § 76-711 (Reissue 1996) was amended to provide that

> [i]f an appeal is taken from the award of the appraisers by the condemner, the condemnee shall be entitled to interest from the date of deposit at the rate provided in section 45-104.02, as such rate may from time to time be adjusted, compounded annually, on the amount finally allowed . . . .

Neb. Rev. Stat. § 45-104.02 (Reissue 1993), referred to in the amended statute as determining the rate of interest to be applied, provides for a 14-percent interest rate through December 31, 1992. However, from January 1, 1993, and thereafter, § 45-104.02 further provides that the interest rate is to be redetermined every other year by the

> Tax Commissioner and shall be equal to the average short-term borrowing rate for the federal government during July of the previous year rounded to the nearest whole percentage point plus three percentage points. If the new rate does not increase or decrease the old rate by at least two percentage points, the old rate shall continue in effect.

The NRD asserts that the appropriate rate of legal interest to be applied to the condemnation award is 14 percent until November 13, 1992. The NRD argues, however, that beginning November 13, 1992, the effective date of the amendment to § 76-711, interest should be assessed at a rate of 14 percent until December 31, 1992, and thereafter at a fluctuating rate to be determined by the Tax Commissioner. Conversely, Abboud contends that the proper rate of interest payable on the condemnation award for the entire period of the delinquency is 14 percent, since this was the interest rate in effect when the condemnation suit was filed and when the NRD deposited a sum of money with the county court. Thus, we must determine whether as of the effective date, the amendment to § 76-711 triggered a change in the statutory interest rate that is to be applied to the condemnation award.

In essence, Abboud contends that the 14-percent interest rate became vested when the condemnation suit was filed and when the NRD deposited a sum of money with the county court. However, we agree with the NRD's assertion that the interest rate could not become vested because § 76-711, before amendment, explicitly provided that the "[*interest*] *rate may from time to time be adjusted by the Legislature.*" If the Legislature

intended the interest rate to become vested for the entire period that the payment of a condemnation award remains delinquent, this language would not have been included in the statute. See *Coleman v. Chadron State College*, 237 Neb. 491, 466 N.W.2d 526 (1991). The Legislature was neither silent nor ambiguous concerning the periodic interest rate adjustments on delinquent payments of condemnation awards. The only plausible reason for the above-italicized language is that the Legislature intended that interest on condemnation awards would be calculated at the different statutory interest rates provided for by the Legislature and that these different rates would be effective over the period that the payment of the condemnation award remains delinquent. Therefore, contrary to Abboud's contention, the 14-percent interest rate did not become vested; rather, only the right to the payment of interest on the condemnation award became vested.

Furthermore, a legislative act operates only prospectively and not retrospectively, unless the legislative intent and purpose that it should operate retrospectively are clearly disclosed. *Proctor v. Minnesota Mut. Fire & Cas.*, 248 Neb. 289, 534 N.W.2d 326 (1995); *Vervaecke v. State*, 247 Neb. 707, 529 N.W.2d 779 (1995). When the Legislature amended § 76-711 so that it referred to § 45-104.02 for the interest rate to be applied to a condemnation award, it explicitly provided for condemnation awards that were delinquent prior to the effective date of the amendment, such as in the instant case. Indeed, § 45-104.02(3)(c) mandates that "[f]or any taxes or special assessments that were delinquent and unpaid on or before December 31, 1992, the interest rate shall be fourteen percent per annum through December 31, 1992." Thus, the inclusion of this language in the amended statute clearly evidences the Legislature's intent that the new statutory interest rate would apply retroactively to outstanding delinquencies, including delinquent condemnation awards.

Abboud further observes that, under the amended version of § 76-711, the Tax Commissioner has the power to change the interest rate from time to time, whereas, before amendment, the Legislature had the power to change the interest rate from time to time. Thus, Abboud argues that because at the time of the

award, the most recent change by the Legislature to the interest rate was to 14 percent, that is the rate that must apply to the condemnation award. We disagree. It is the Legislature that, in fact, amended § 76-711 to refer to § 45-104.02, which grants the Tax Commissioner the power to change the interest rate. Thus, in effect, it was the Legislature that changed the interest rate to a fluctuating one with such fluctuations to be determined by the Tax Commissioner. Accordingly, the new statutory interest rate must apply to the condemnation award from the effective date of the new rate.

Moreover, we have previously held that a new statutory interest rate will apply to a condemnation award as of the effective date of the amendment implementing the new rate. In *Iske v. Papio Nat. Resources Dist.*, 218 Neb. 39, 352 N.W.2d 172 (1984), the NRD had condemned a piece of land owned by Iske. On November 20, 1979, the NRD deposited a sum of money with the county court as compensation for the condemnation. In determining the amount of interest that was due to Iske on the condemnation award, we noted that before amendment, § 76-711 provided that the interest rate was 9 percent. However, in 1982, § 76-711 was amended to refer to § 45-104.01, which provided for a 14-percent interest rate. We concluded that "the district court properly determined that the increased [14-percent] interest rate was to be applied [to the condemnation award] as of the effective date of the amendment." *Iske v. Papio Nat. Resources Dist.*, 218 Neb. at 41, 352 N.W.2d at 174. See, also, *Welch v. Welch*, 246 Neb. 435, 519 N.W.2d 262 (1994) (holding that new fluctuating rate of interest will be applied to delinquent child support payments from effective date of new rate); *Ferry v. Ferry*, 201 Neb. 595, 602, 271 N.W.2d 450, 455 (1978) (holding that "[w]hen the legal [interest] rate change[d], the new rate applie[d] to all delinquent [child support] installments from the effective date of the new rate"); *Colburn v. Ley*, 191 Neb. 427, 215 N.W.2d 869 (1974) (holding that new interest rate will be applied to judgment as of effective date of new rate).

Based on the foregoing reasons, we conclude that the district court erred in granting interest on the condemnation award at the rate of 14 percent for the entire period of the delinquency

because the court failed to take into account an amendment effectuating a change in the interest rate to be applied. Therefore, we determine that the proper interest rate to be applied to the condemnation award is 14 percent until November 13, 1992. However, beginning November 13, 1992, the effective date of the amendment to § 76-711, interest should be assessed at a rate of 14 percent until December 31, 1992, and thereafter at a fluctuating rate to be determined by the Tax Commissioner. In accordance with the statute, the Tax Commissioner has determined that from January 1, 1993, through December 31, 1994, interest should be assessed at a rate of 7 percent and from January 1, 1995, through December 31, 1996, at a rate of 9 percent. Because the record does not contain evidence of the rate of interest to be applied to the delinquent portion of the condemnation award from January 1, 1997, to the present, it is necessary to remand the instant cause to the district court for a determination of the rate of interest from January 1, 1997, until the final date of payment of the award.

### ATTORNEY FEES AWARD

Section 76-711 (Reissue 1996) provides in relevant part that "[i]f an appeal is taken from the award of the appraisers by the condemner, the condemnee shall be entitled to interest from the date of deposit at the rate provided in section 45-104.02 . . . on the amount finally allowed . . . ." In regard to attorney fees, Neb. Rev. Stat. § 76-720 (Reissue 1990) provided that

> [i]f an appeal is taken from the award of the appraisers by the . . . condemner and the amount of the final judgment is not less than eighty-five percent of the award . . . the court may in its discretion award to the condemnee a reasonable sum for the fees of his or her attorney . . . .

The NRD asserts that Abboud is not entitled to legal interest on the attorney fees award because neither § 76-711 nor § 76-720 expressly mandates that interest is assessed on an award of attorney fees. The NRD further asserts that an attorney fees award cannot constitute a part of the final judgment on which interest is allowed because attorney fees can be awarded only after a final judgment has been rendered. Abboud, however, contends that the attorney fees award should be considered a

part of the "amount finally allowed" in a condemnation action pursuant to § 76-711, and thus, legal interest accrues on the attorney fees award. Thus, we must decide whether an attorney fees award granted in a condemnation action constitutes a part of the final judgment on which interest is allowed.

When determining the meaning of a statute, we are guided by the rule that an appellate court may conjunctively consider and construe a collection of statutes which pertain to a certain subject matter to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *Snipes v. Sperry Vickers*, 251 Neb. 415, 557 N.W.2d 662 (1997).

Section 76-711 mandates that if the condemner appeals from the award of the appraisers, the condemnee is entitled to interest on the final judgment or the amount finally allowed in the condemnation action. Pursuant to § 76-720,

> [i]f an appeal is taken from the award of the appraisers by the condemnee and the amount of the *final judgment* is greater by fifteen percent than the amount of the award . . . the court may in its discretion award to the condemnee a reasonable sum for the fees of his or her attorney . . . .

(Emphasis supplied.) Obviously, § 76-720 speaks of attorney fees being awarded based on the difference between "the final judgment" and the "amount of the award" of the appraisers. Section 76-720 presupposes that a "final judgment" is already in existence at the time attorney fees are assessed, for if no judgment existed prior to the award of attorney fees, the statutory formula for arriving at attorney fees could never be employed. Thus, since a determination of whether attorney fees should be awarded in a condemnation action relies on the existence of a final judgment pursuant to § 76-711, *Lincoln Branch, Inc. v. City of Lincoln*, 245 Neb. 272, 512 N.W.2d 379 (1994), we hold that an attorney fees award cannot constitute a part of the final judgment on which interest is allowed. Rather, in a condemnation action, "[a]ttorneys' fees are allowed and taxed as [a part of] costs." *Keller v. State*, 184 Neb. 853, 856, 172 N.W.2d 782, 785 (1969).

Accordingly, we determine that the district court erred in granting interest on the attorney fees award.

## CONCLUSION

For the foregoing reasons, we conclude that the district court abused its discretion in denying the NRD's motion for new trial. Therefore, we reverse the district court's judgment (1) assessing interest on the award of attorney fees and (2) granting 14-percent interest on the delinquent portion of the condemnation award for the entire period of delinquency and remand this matter with directions to determine the proper interest rate on the delinquent portion of the condemnation award consistent with § 76-711 and the language of this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.