REQUESTED BY: Anna J. Sullivan, Director Nebraska Public Employees Retirement Systems
This is in response to the series of questions you have posed regarding the Opinion of this Office addressing the three year vesting period for members of the State Employees Retirement System of the State of Nebraska. The vesting period was changed to three years by 2002 Neb. Laws LB 687, § 28. In Op. Att'y Gen. No. 02017 (July 10, 2002), it was concluded, among other things, that the three year vesting period includes the twelve month eligibility requirement for participation in the retirement system.
The FIRST question asked is as follows:
 Please explain how a period of State employment during which one does not make required deposits to the retirement system may be included in the phrase "credit for years, or a fraction of a year, of participation in a Nebraska governmental plan" (sic) as found in the definition of eligibility and vesting credit?"
In the first instance, the legislature amended Neb. Rev. Stat. § 84-1321 to achieve this very result, that is, to change the vesting period from six years to three years including the twelve month eligibility period. The eligibility period is included because of the express language of the statute defining the term, "eligibility and vesting credit." The term is defined in Neb. Rev. Stat. § 84-1301
(Cum. Supp. 2000) which in relevant part states:
 (4) Eligibility and vesting credit for years, or a fraction of a year of participation in a governmental plan for purposes of determining membership in the system and vesting the employer account.
(Emphasis added).
The question you ask implies that the eligibility and vesting credit should include only years of participation as a contributing member for purposes of determining vesting. Section 84-1321 does not so state. If the Legislature intended that the credit include only years of participation as a contributing member, the statutory language would be expressed in that manner. It is well-recognized that in construing statutes, it is not for the courts to supply missing words or sentences to a statute to make clear that which is indefinite, or to supply that which is not there. State v. Hamik, 262 Neb. 761, 635 N.W.2d 123 (2001); State ex rel. Douglas v. Herrington, 206 Neb. 516, 2994 N.W.2d 330 (1980).
Most importantly, the cardinal rule of statutory construction is to ascertain the legislature's intent. See Coleman v. Chadron State College, 237 Neb. 491, 466 N.W.2d 526 (1991); Iske v. Papio Natural Resources District, 218 Neb. 39, 352 N.W.2d 172 (1984); Northwest High School District No. 82 v. Hessel, 210 Neb. 219, 313 N.W.2d 656 (1981); Matzke v. City of Seward, 193 Neb. 211, 226 N.W.2d 340 (1975); Enyeart v. City of Lincoln, 136 Neb. 146, 285 N.W. 314 (1939). The legislative intent is expressed in the amended statutory language and the legislative history. Further, the Legislature, through the Committee on Nebraska Retirement Systems and its staff, directly communicated the intent of the LB 687 amendments to Public Employees Retirement Systems staff in clear and unambiguous terms. There is no viable issue regarding legislative intent.
The SECOND question is framed in the following manner:
 Pursuant to 84-1307, the application for eligibility and vesting credit has to be made at least 11 months prior to the members having completed the first year of state employment. If this application is required in granting the credit, under what provision of law is NPERS authorized to prospectively grant "eligibility and vesting credit" prior to a person actually completing service for the months in question?
No application is required. A reading of Neb. Rev. Stat. § 84-1307
(Cum. Supp. 2000) reflects that any employee who qualifies for membership may apply ". . . for years of participation in another governmental plan. . . ." (Emphasis added). Based on this express language, application is not necessary unless a member seeks credit for years of participation in another retirement plan.
The THIRD question is posed as follows:
 If eligibility and vesting credit may be granted without application, please indicate which provisions of law authorizes NPERS to grant eligibility credit without the member filing the application required by § 84-1307?
As we have pointed out, an application is required by the provisions of section 84-1307 only if a member seeks credit for years of participation in another governmental plan. The statutes authorizing the credit are sections 84-1301, 84-1307 and 84-1321.
The FOURTH question is submitted as follows:
 NPERS respectfully asks that, since the definition of eligibility and vesting credit was not amended by LB 687, should pre-participation employment have been used in determining "eligibility and vesting credit"under the prior "five-year vesting provisions of § 84-1321?"
This question is fact specific and moot since participation and vesting requirements were changed by enactment of LB 687.
Certain facts have been submitted by you for purposes of responding to the question. Under the statutes prior to amendment, five years participation as a contributing member was necessary to establish vesting under the provisions of sections 84-1307 and 84-1321. Of course, the eligibility requirements set forth in section 84-1307 were significantly different prior to amendment. Participation was required for members after twenty-four months employment for members who attained age thirty. Members who attained age twenty had the option to participate in the retirement system who have "twelve months of service." In any event, a twelve month eligibility period of employment was mandatory prior to participation as a contributing member. Thus, as we understand, a member became vested after completion of the mandatory twelve month eligibility period and five years participation as a contributing member. This result is consistent with the past prior administrative practices of retirement systems as we understand them to be based on the information you submitted for our review.
The FIFTH question is asked as follows:
 Was NPERS in error in not counting the pre-participation employment as "eligibility and vesting credit" under the pre-LB 687 version of § 84-1321 and therefore forfeiting this member's employer account?
The question is not appropriately framed for response by this Office in a formal opinion. It is not appropriate for this Office to opine whether or not "NPERS was in error. . . ." and perhaps invite potential liability or claims. It is the responsibility of this office to represent and defend the State and its agencies against liability and no legitimate purpose is served by our concluding whether or not NPERS "was in error.". Our response to question FOUR, above, answers this query for the most part.
Additional questions, SIX-NINE, are presented. The questions are presented upon your conclusion that, "(u)nder your interpretation of the provisions of LB 687, you indicate that the pre-participation employment should count for vesting purposes since it is vesting credit." In actuality, Opinion No. 02017 concluded in part:
 . . . it is our opinion that the three years vesting period of § 84-1321 following amendment by LB 687, includes the twelve month eligibility period and two years of participation in the retirement system as a contributing member.
Question SIX is stated as follows:
 Does the entire period of pre-participation services for these members count towards vesting for these new members (beyond the 12 months of "eligibility" employment with the State created by LB 687).
No. As we concluded in Opinion No. 02017 the vesting period includes the twelve month eligibility period and two years of participation as a contributing member.
Question SEVEN is presented in the following manner:
 If so, is it the Attorney General's opinion that any such new member who was employed for more than three years prior to participation should be automatically vested upon joining the plan (without having to participate in the plan for any period)?
The member is required to participate as a contributing member for two years. See response to question SIX above.
Question EIGHT is submitted as follows:
 On the other hand, if NPERS is to only count the twelve months of employment as needed for eligibility as within the definition of "eligibility and vesting credit," how does the Attorney General distinguish between this period of employment and other pre-participation employment with the State?
Of course, the Attorney General does not distinguish between the varying periods of employment. Rather, the twelve month mandatory periods of employment are established by statute before and after the LB 687 amendments as a condition precedent to participation in the retirement system as a contributing member. See our responses to questions FOUR and SIX above.
Question NINE is stated as follows:
 Does it matter if the pre-participation employment occurred before or after the change in law created by LB 687 that was effective in April of 2002?
We understand this question to be whether or not it makes any difference for vesting purposes if the twelve month eligibility period was completed before or after the effective date of LB 687. It makes no difference if the member was employed as of the effective date of the LB 687 amendments. If the employee terminated his or her employment prior to the effective date of the amendments, then the pre-amendment vesting period would be applicable. As we stated in Opinion No. 02017, LB 687 became effective April 18, 2002.
In summary, the conclusion reached in Opinion No. 02017 is consistent with the statutory language and gives effect to legislative intent. We further believe that the conclusions reached in this opinion relating to application of statutory provisions are consistent with the administrative practices of retirement systems as we understand them to be.
Sincerely,
 DON STENBERG Attorney General
 Fredrick F. Neid Assistant Attorney General
Approved:
_________________________________ Attorney General