REQUESTED BY: David L. Bomberger, State Investment Officer
This is in response to your request that we review part of an opinion of the Attorney General relating to the distribution policies for the Nebraska Veterans' Aid Fund ("Fund") established under the provisions of Neb. Rev. Stat. § 80-401(2003). In Op. Atty Gen. No. 07003 (Feb. 8, 2007) the question addressed was whether the income distribution policy for the Fund was consistent with statutory requirements. The issue raised by the present request is whether the investment strategy currently in place for the Fund is consistent with the investment authority set forth in § 80-401.
LEGISLATIVE AMENDMENT
As you have noted, the provisions of § 80-401, at first glance, are inconsistent with respect to its description of authorized investments of the Fund. At the time of establishment of the Fund, the Board of Educational Lands and Funds was directed by express language of § 80-401
to "purchase bonds or notes issued by the United States Government or the State of Nebraska, or any county, school district, or municipality therein, with a face value of twelve million dollars . . ." Section80-401 also describes the management of the Fund concerning bond premiums and discounts; and, the income of the Fund is described as "interest."
The statute was subsequently amended by passage of 1969 Neb. Laws LB 1345, now codified in part at § 80-401, to repose authority for investment of the Fund with the State Investment Officer under the direction of the Nebraska Investment Council. Following amendment, the statute in relevant part states:
. . . The Board of Educational Lands and Funds shall manage the Nebraska Veterans' Aid Fund, except that the investment and reinvestment of such fund shall be the duty of the state investment officer, with investment and reinvestment to be made in the same type securities authorized for investment of funds by the Nebraska Capital Expansion Act and the Nebraska State Funds Investment Act . . .
STATUTORY CONSTRUCTION
There are two precepts of statutory interpretations that serve to resolve the conflict, if any, regarding authorized investments of the Fund. FIRST, it is the duty of a court, so far as practicable, to give effect to the language of a statute and to reconcile the different provisions of it, so they are consistent, harmonious, and sensible. State v. Black, 195 Neb. 366, 238 N.W.2d 251 (1976). SECOND, the last expression of the legislature is the law in case of conflicting provisions of the same statute. Hoiengs v. County of Adams, 254 Neb. 64,579 N.W. 2d 498 (1998).
Application of the statutory precepts result in interpreting the statutory language to authorize the state investment officer to invest and reinvest the funds in securities other than bonds and notes. At the inception of the Fund, the investments were to consist of obligations of the United States, the State of Nebraska, and other political subdivisions. Following amendment, the investment responsibility was placed in the State Investment Officer, and the Investment Council with the broader investment authority described in the Nebraska Capital Expansion Act, Neb. Rev. State. §§ 72-1261 to 72-1269 (2003 and Cum Supp. 2006) and the Nebraska State Funds Investment Act, Neb. Rev. Stat. §§72-1237 to 72-1260 (2003 and Cum Supp. 2006).
CONCLUSION
It is related that the assets of the Fund are invested in a combination of fixed income investments and equity investments with target allocation of 50% to each broad category. In view of the amendment of the statute by LB 1345, we believe that the State Investment Officer and the Investment Council are authorized to invest in types of securities other than bonds and notes. The State Investment Officer has broad investment authority subject to the "prudent standard" under the direction of the Nebraska Investment Council for investment of state funds. Neb. Rev. Stat. § 72-1246 (2003) in part states, "[t]he state investment officer shall invest in investments of the nature which individuals of prudence, discretion, and intelligence acquire or retain in dealing with the property of another. . ." For these reasons, it is our opinion that the distribution policy and the investment strategy currently in place for the Fund are consistent with statutory requirements.
Sincerely,
 JON BRUNING Attorney General
 Fredrick F. Neid Assistant Attorney General
 Approved: ______________________________ Attorney General